UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM A. PARKS, | : | No. 3-09cv1162 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
|     Defendants. | : | |

### Order on Pending Motions

Plaintiff William A. Parks, pro se, has filed a motion for a hearing to enjoin his probate hearing [doc. #4]; an omnibus motion to waive technicalities, for billing and taxation of costs related to making copies for defendants' service of process packages, for consolidation and separate trials, for enlargement of time to file an objection to the Magistrate Judge's recommended ruling, and disqualification of Judge "WWE" [doc. #17]; a motion to compel defendants to provide him assistance in making service of process copies [doc. #18]; a motion for a Pate hearing/examination [doc. #19]; a motion for temporary restraining order to restrain all "CT. Defendants" from harming plaintiff, medicating plaintiff and obtaining his health records [doc. #20]; a motion for order of emergent examination and Pate hearing [doc. #23]; a motion for taxation of costs to tax and bill all costs, fees, expenses disbursements and salaries related to this litigation [doc. #25]; and a motion to amend the complaint [doc. #27].

    Motion to Amend

Plaintiff's federal action challenges, inter alia, his arrest, criminal prosecution and conditions of confinement. This Court has affirmed the recommended ruling of the magistrate judge dismissing several of the named defendants. The Court instructed

1

plaintiff to file an amended complaint that set forth his allegations against the remaining defendants in a short and plain statement that complied with Federal Rule of Civil Procedure 8.  Plaintiff's instant motion to amend the complaint does not comply with that order as it seeks only to add additional defendants and does not provide a short and plain statement of his allegations.  Accordingly, the Court will deny the motion to amend.  However, in light of plaintiff's pro se status, the Court will allow plaintiff an opportunity to file an amended complaint that complies with the Court's instructions.

Motions Concerning Plaintiff's Probate Hearing and Mental Health Assessment

Plaintiff's motion for a hearing to enjoin the probate hearing, his request for consolidation and separate trials, for an examination and hearing on his competency to stand trial pursuant to Pate v. Robinson, 383 U.S. 375 (1966), and his ex parte motion for temporary injunction will be denied.

This Court is bound by the "fundamental policy against federal interference with state criminal prosecutions."  Younger v. Harris, 401 U.S. 37, 46 (1971).  This policy has also been extended to require federal court abstention from state civil proceedings which implicate important state interests such as enforcement of a criminal statute. Moore v. Sims, 442 U.S. 415, 423 (1979) (federal abstention necessary where state civil proceedings centered on a child-abuse statute that was "in aid of and closely related to criminal statutes").  Here, the probate action and the state defendants' efforts to assess plaintiff's mental health bear a relation to a pending criminal action.

Similarly, plaintiff's request for an examination and Pate hearing, which is required when there is evidence that raises a "bona fide doubt" as to the criminal defendant's competency to stand trial, concern the pending criminal proceedings

against plaintiff. These requests should be made to the judge presiding over his criminal proceedings.

On this ex parte basis, the Court cannot assess the need for interference with plaintiff's placement or treatment at the state facility where he is housed.

Accordingly, the Court will deny the aforementioned motions.

Taxation of Costs

Plaintiff requests that the Court tax his costs and expenses related to this litigation due to his status as in forma pauperis ("IFP"). IFP status pursuant to 28 U.S.C. § 1915 permits plaintiff to file the action without prepayment of the filing fee. However, the granting of IFP status does not shift the entire financial burden of litigation either to the Court or to the opposing parties. Orraca v. Dr. Lee, 2007 WL 81921 (N.D.N.Y.). Accordingly, the Court will deny these requests.

Motion to Compel Assistance

Plaintiff maintains that the patient advocate at Connecticut Valley Hospital refused to assist him in making multiple copies for service of process on more than 100 defendants. However, this Court dismissed many of the defendants in the original action, and it requested that plaintiff amend his complaint in compliance with this order after plaintiff filed this motion. In light of the change in circumstances, the motion to compel will be denied as moot.

Waiver of Technicalities

Plaintiff has requested that the Court waive technicalities of filing such as the margin and line spacing requirements. These technicalities will be waived. However, plaintiff will not be excused from the requirement that he provide an original signature

on his pleadings, and that he attach a certificate of service with an original signature. Filings that do not comply with these requirements will be returned. Accordingly, this portion of plaintiff's omnibus motion will be granted in part and denied in part.

### Disqualification of Judge "WWE"

Plaintiff requests that Judge "WWE" be disqualified. Plaintiff appears to disagree with the Court's ruling that certain of plaintiff's pleadings should be returned because plaintiff had failed to provide an original signature on his pleadings, and because plaintiff cannot file a notice of removal in this action.[1] Plaintiff's disagreement with these decisions does not give rise to a basis for disqualification of the presiding judge. This request will be denied.

### Enlargement of Time

The motion for enlargement of time is moot because plaintiff filed an objection, and the Court has affirmed the recommended ruling. Accordingly, this request will be denied as moot.

## **Conclusion**

For the foregoing reasons, the motion for a hearing to enjoin his probate hearing [doc. #4] is DENIED; the omnibus motion to waive technicalities, for billing and taxation of costs related to making copies for defendants' service of process packages, for consolidation and separate trials, for enlargement of time to file an objection to the recommended ruling, and disqualification of Judge "WWE" [doc. #17] is GRANTED only as to a waiver of certain technicalities as explained in this ruling and is otherwise

---

[1] Plaintiff was instructed that he could file the notice of removal as a new action.

DENIED as to all other requests; the motion to compel defendants to provide him assistance in making service of process copies [doc. #18] is DENIED; the motion for a Pate hearing/examination [doc. #19] is DENIED; the motion for temporary restraining order to restrain all "CT. Defendants" from harming plaintiff, medicating plaintiff and obtaining his health records [doc. #20] is DENIED; the motion for order of emergent examination and Pate hearing [doc. #23] is DENIED; the motion for taxation of costs to tax and bill all costs, fees, expenses disbursements and salaries related to this litigation [doc. #25] is DENIED; and the motion to amend the complaint [doc. #27] is DENIED.

Plaintiff is instructed to file an amended complaint within 21 days of this order's filing date that provides a short and plain statement of his allegations against the remaining defendants. Plaintiff's failure to comply with this order may result in dismissal of this action.

                                                _____/s/_____
                                                Warren W. Eginton
                                                Senior United States District Judge

Dated this _26__ day of October, 2009 at Bridgeport, Connecticut.