UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM A. PARKS | : | |
| | : | |
| VS. | : | NO. 3:09cv1162(HBF) |
| | : | |
| MARSHALL SEGAR, ET AL. | : | OCTOBER 2, 2012 |

**JOINT TRIAL MEMORANDUM**

**(1)     TRIAL COUNSEL**

**For the Plaintiff**

John R. Williams
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
jrw@johnrwilliams.com

**For the Defendant Gregg Jacobson**

David C. Yale
Noble, Spector, Young & O'Connor
One Congress Street, Fourth Floor
Hartford, CT 06114
860-525-9975
Fax: 860-727-9915
yale@nsyolaw.com

**For the Defendants Marshall Segar and T. Lynch**

Paul T. Edwards
Peter D. Clark
245 Amity Road, Suite 200
Woodbridge, CT 06525
203-387-5100
Fax: 203-387-5101
pedwards@decllp.com
pclark@decllp.com

(2)    **JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331,

1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of

the United States Code.

(3)    **JURY-NONJURY**

This is a jury case.

(4)    **LENGTH OF TRIAL**

Two days, exclusive of jury selection.

(5)    **FURTHER PROCEEDINGS**

None.

(6)    **NATURE OF CASE**

**(a) Claims of the Plaintiff:**  The plaintiffs alleges that the defendants, all

of whom are police officers, forcibly entered his home without a search warrant and in the absence of exigent circumstances that would have permitted a warrantless entry.  He further alleges that the officers subjected him to unreasonable force while arresting him without a warrant.

**(b) Claims that will be pursued at trial:** The plaintiff will pursue any and all claims not precluded by the court's ruling on summary judgment.

**(c) Defenses:** Defendant Jacobson asserts the affirmative defense of qualified immunity.

**(d) Agreed Joint Statement to be read to jury:** Plaintiff requests opening statements.

This case involves the warrantless entry and search of the home of the plaintiff, William Parks, by New London and Montville police officers on May 15, 2009.  Mr. Parks asserts that the warrantless entry and search of his home violated his rights under the Fourth Amendment to the United States Constitution.  He also asserts that he was subjected to unreasonable force in the course of these events, also in violation of the Fourth Amendment.

**(7)   LIST OF WITNESSES**

**(a)**   **Witnesses**

**For the Plaintiff**

The plaintiff will testify concerning all allegations in the complaint.

Defendant Segar will testify concerning his actions.

Defendant Lynch will testify concerning his actions.

Defendant Jacobson will testify concerning his actions.

**For the Defendants**

Mr. Paul E. Bushey. [Plaintiff objects on the ground of lack of relevance.]

Paul Lucas and/or a representative of the Social Security Administration office in Norwich, CT. [Plaintiff objects on the ground of lack of relevance.]

Officer Stone of the New London Police Department.

Sgt. Mathers of the Montville Police Department.

Detective Miller.

Sgt. Greenwood.

Sgt. Bergeson.

**For the Defendant Jacobson**

The Defendant Jacobson may call the witnesses listed by the Plaintiff or co-defendants.

Possible Witnesses:

4

Sgt. Edward Greenwood, Montville Police Department, may testify as to the occurrences at the plaintiff's residence on the day in question.

Paul Bushey, New London Social Security Office, may testify as to the phone calls made to him by the plaintiff. [Plaintiff objects on the ground of lack of relevance.]

**(8)    DEPOSITION TESTIMONY**

None.

**(9)    INTERROGATORIES / REQUESTS TO ADMIT**

Defendant Jacobson intends to introduce responses to interrogatories from the plaintiff dated September 7, 2011.   Plaintiff reserves the right to object, depending on what responses are offered.

**(10)   EXHIBITS**

**For the Plaintiff**

Photographs of plaintiff's injuries

**For the Defendants**

None.

**(11)   ANTICIPATED EVIDENTIARY PROBLEMS**

Only as noted above.

**(12)   MOTIONS IN LIMINE / DAUBERT MOTIONS**

None anticipated.

**(13)   GLOSSARY**

None.

**(14)   STIPULATIONS**

1.  The defendants are police officers who were acting under color of law.

2.  There was no search warrant for the plaintiff's residence.

**(15)   PROPOSED VOIR DIRE QUESTIONS**

**Plaintiff's Proposals**

1.  This is a lawsuit for civil rights violations brought by a citizen against a police officer.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers?  If so, please explain.

4.  Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity?  If so, please explain.

5.  Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

9.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10.  Has anyone here or any close to you ever been employed by an attorney?

11.  Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12.  Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13.  Does anyone here have any feeling that the testimony of a police

7

officer is entitled to greater or lesser weight or believability than that of a civilian?

14.  Have you or anyone close to you ever been the victim of a crime?

15.  Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

16.  Have you or anyone close to you ever been arrested?

17.  Has anyone here ever witnessed an arrest?

18.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19.  Where are you employed?

20.  Is your spouse or significant other connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

**Defendants' Proposals**

1.      Have you, your spouse or any close friends or relatives ever brought suit against a police officer or police department for violation of your civil rights?

2.      Do you know any of the lawyers or law firms involved in the case?

3.      Do you have any opinions about people who file lawsuits seeking

money to compensate them for personal injuries and/or violations of their

constitutional rights?  If so, please state those opinions.

4.      Have you or any of your family members or close friends

ever been

associated with a police department?  If so, please describe this association and

state whether that relationship would allow you to fairly and objectively evaluate

the testimony in this case.

5.      Have you or any close friend or family member been

involved in a

lawsuit either as a party, a witness or juror?  If you were a party, were you a

plaintiff or a defendant and please describe the type of case and result.  If you

were a witness, please describe what type of case, which side you testified for

and the result of the case.  If you were a juror, please state whether the case

went to verdict, the type of case and the result.

6.      Do you have any commitments which would keep you from

serving

on the jury in this case?

7.      Would you have any difficulty in sending the plaintiff home

without

any compensation for his claimed injuries if he did not prove that the defendants

violated any of his rights or were the cause of his injuries.

**Proposed Voir Dire questions of Defendant Jacobson:**

1.      Have you, any member(s) of your family or any close friends ever sued or made a claim for damages against the police?

2.      Have you, any member(s) of your family or any close friends made any formal complaint against a police officer?

3.      Have you, any member(s) of your family or any close friends been involved in what you would consider to be a negative or unpleasant situation with the police?

4.      Have you, any member(s) of your family or any close friends ever been involved in a police investigation?  If so, how were you involved in the investigation?  Do you feel that your previous involvement in this type of situation would be likely to affect your ability to be completely objective and impartial in this case?

5.      Have you, any member(s) of your family or any close friends ever been questioned by a police officer?  Do you feel that your previous involvement in this type of situation would be likely to affect your ability to be completely objective and impartial in this case?

6.      Do you feel that your previous involvement in any of these situations would be likely to affect your ability to be completely objective and impartial in this case?

7.      Have any of you ever served on a jury which heard claims of police misconduct or violation of constitutional rights?

8.      Have any of you heard or read anything about Montville Police Officer Gregg Jacobson or the Montville Police Department or its officers, or heard or read anything about police officers in general, which would in any way interfere with your ability to be completely objective and impartial concerning the evidence of this case?

9.      Do any of you have any strong opinions, ideas or thoughts about claims of deprivation of constitutional rights, specifically, excessive force, such as I have outlined it to you?  If so, would you please describe?

10.     Would any of your feelings or ideas concerning claims similar to the ones before us today as I have described them to you prevent you from being absolutely fair and impartial in considering this case solely on the basis of the evidence and the law as the court will give it to you?

11.     If the court were to instruct you that the law applicable to this case could result in your having the duty to send the plaintiff away with no recovery, would you have any difficulty in making that decision?

12.     In considering this case, would you be able to put aside any feeling of sympathy you may have for the plaintiff, and decide this case solely on the basis of the evidence and the law as the Court will give it to you?

13.     Have you or any one you know sustained injuries or damages in any type of incident involving police officers or other public service employee? Do you feel that your involvement in or knowledge of these situations would likely affect your ability to be completely objective and impartial in this case.

14.     Have you or anyone you know ever worked for the Town of Montville?  Please describe.

15.     Have you or anyone you know ever worked for a municipality? Please describe.

**(16)     PROPOSED JURY INSTRUCTIONS**

The plaintiff respectfully requests the Court to charge the jury as follows:

1.  The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from warrantless searches and seizures and unreasonable force in the course of an arrest.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against

12

any person or persons who, under color of State law, deprive that individual of any of his constitutional rights.  "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer.  In this case, the plaintiff has met his burden of proving that the defendants acted under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

　　　　2.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's rights or if the defendants acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3.  The testimony of a police officer is entitled to no special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

4.  If you find that any one or more of the defendants is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind

which was proximately caused by the wrongful conduct of the defendant.  Among

the elements of injury and harm for which compensation may be awarded are:

a)  The physical harm to the plaintiff during and after the impairment or

injury received, including imprisonment and loss of freedom;

b)  The emotional harm to the plaintiff during and after the impairment or

injury received, including emotional distress or pain, humiliation, personal

indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has

suffered or may with reasonable certainty be expected to suffer in the future;

c)  Lost wages or earnings;

d)  Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are

to be fully and fairly compensated if they are proximately caused by the

constitutional violation.  You should award damages in such a case to the extent

that the loss or injury can be reasonably quantifiable and not simply on the basis

of the inherent value of the rights violated.  The damages you award should be

proportional to the actual loss sustained, whether that loss is physical or mental

or emotional or one of the other types of loss I have previously discussed with

you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986);

Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d

68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir.

1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

     5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of any defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

     1)  Willful or malicious violation of the constitutional rights of the plaintiff;

     2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

     3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v.

16

<u>City of Los Angeles</u>, 946 F.2d 630, 648-49 (9th Cir. 1991); <u>Wright v. Sheppard</u>, 919 F.2d 665, 670-73 (11th Cir. 1990).]

     6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.  [<u>Hall v. Ochs</u>, 817 F.2d 920 (1st Cir. 1987); <u>Rowlett v. Anheuser-Busch, Inc.</u>, 832 F.2d 194 (1st Cir. 1987); <u>O'Neill v. Krzeminski</u>, 839 F.2d 9 (2d Cir. 1988); <u>Zarcone v. Perry</u>, 572 F.2d 52 (2d Cir. 1978).]

     7.  Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating the law.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence. Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiff, and that a defendant did nothing to prevent it, although in a position to do so, then the defendant himself is liable for

that unlawful act.  [Gagnon v. Ball, 696 F.2d 17 (2nd Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2nd Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

　　　8.  When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

　　　9.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the

defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

19

10.  If you find that a defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer, then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff' rights in the manner alleged in the Complaint.  False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force.  In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation alleged in the Complaint.  [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

11.  A person, even if he or she is being lawfully arrested, has a constitutional right to have that arrest made in a reasonable manner and without the use of unreasonable force.  A police officer is not allowed to use unreasonable force when making even a lawful arrest.  The officer may use only such force as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charges and under the particular circumstances presented by this case.  A police officer may do no

more than that.  In determining whether a defendant police officer has used unreasonable force in the course of making an otherwise lawful arrest, you should consider all of the facts which you find to have been proven in the case, including the need if any for using the amount of force that was involved and the relationship between that force and the extent of the injury which was inflicted upon the plaintiff by the officer.  [Graham v. Connor, 490 U.S. 386 (1989); Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989); Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).]

12. All warrantless searches are, by definition, unreasonable and violate the Fourth Amendment unless there is an exception to this general rule.  The burden of proving the existence of a valid exception to this general rule rests on the party claiming the benefit of the exception, that is, the defendants. [Coolidge v. New Hampshire, 403 U.S. 443 (1971); Stoner v. California, 376 U.S. 483 (1964); United States v. Jeffers, 342 U.S. 48 (1951); Chimel v. California, 395 U.S. 752, 762 (1969); United States v. Jeffers, 342 U.S. 48, 51 (1951).]

13.  I instruct you as a matter of law that there was no valid exception to the warrant requirement in this case.

**Proposed Jury Instructions by all Defendants:**

## BURDEN OF PROOF

I shall shortly instruct you on the elements of plaintiffs' section 1983 claim, and on the elements of the defendants qualified immunity defense.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  The defendant has the burden of proving each element of his affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any of the elements of the defendants' defenses have not been proven by a preponderance of the evidence, you must disregard the defense.

**Authority:**    Gomez v. Toledo, 446 U.S. 635 (1980); Alexander v. Alexander, 706 F.2d 751 (6th Cir. 1983); Seventh Circuit: Beard v. Mitchell, 604 F.3d 485 (7th Cir. 1979); Bueller v. Buechler, 706 F.2d 844 (8th Cir. 1983); Landrum v. Moats, 576 F.2d 1320 (8th Cir. 1978); McGhee v. Draper, 564 F.2d 902 (10th Cir. 1979).

## SECTION 1983:  THE ELEMENTS

The plaintiff claims that his constitutional rights were violated because the defendants searched his home without a warrant.  To prevail on this claim, the plaintiff must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

First, that defendants acted under the color of state law;

Second, that the defendant violated the plaintiff's constitutional rights by searching his home;

Third, that the defendants' acts were the proximate cause of any damages sustained by plaintiff.

It is not necessary under this statute to find that the defendants specifically intended to deprive the plaintiff of his constitutional rights.  Instead, a plaintiff is entitled to relief if the defendants intentionally or recklessly engaged in conduct which violated particular constitutional rights.  However, mere negligence on the part of the defendant is not enough to create liability.

An act is intentional if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason.  An act is reckless if it is done in conscious disregard of its known probable consequences.  On the other hand, an act is merely negligent if a defendant's conduct breached a legal duty to use reasonable care in the circumstances, but the defendant did not act intentionally or recklessly.

In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and

what the people involved said was in their minds, and your belief or disbelief with

respect to those facts.[1]

Here, the parties agree that the defendants acted under color of state law,

so you need not consider that issue.  Keeping these general requirements of a §

1983 civil rights claim in mind, I shall now instruct you concerning the specific

constitutional rights of which the plaintiff claims were violated.

Outlaw v. City of Meriden, 43 Conn. App. 387, 391 (1996)
Brodrib v. Doberstein, 107 Conn. 294, 296 (1928)


## QUALIFIED IMMUNITY

The defendants in this case have raised the defense of qualified

immunity.  Under this doctrine, even if you find that defendants search of the

plaintiffs home was unreasonable, the law shields them from liability unless you

further find that their conduct violated clearly established constitutional standards

relating to the reasonableness of the search on the date in question.  On this

issue, the defendants have the burden of proof.

At the time of the incident giving rise to this lawsuit, it was clearly

established that a person had a constitutional right to be free from unreasonable

searches by police.  However, even where rights or the law are clearly

---

[1] Charge to the jury delivered by the Honorable Jose A. Cabranes in James F. Althan, Jr. v. Philip Beamon, Civil No. N-86-387 (JAC) (D.Conn. April 8, 1991), at 17; Sand, Instructions 87-68-77(significantly adapted).

established, a police officer will not be liable if it was objectively reasonable for him to believe his acts were lawful.

In deciding whether the actions of the defendant police officer were objectively reasonable, you may consider the nature of a police officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event which confronted him. You must ask yourself how a reasonable police officer in the defendant's situation would have acted. If you find that reasonable officers could disagree about whether the defendant's actions were or were not within the bounds of appropriate police responses, then the defendants are entitled to qualified immunity and the verdict must be for defendants.[2]

**Exigent Circumstances**

---

[2] <u>Saucier v. Katz</u>, U.S. 121 S.Ct. 2151 (2001); <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987); <u>Malley v. Briggs</u>, 475 U.S. 335 (1986); <u>Harlow v. FitzGerald</u>, 457 U.S. 800 (1982).

Police officers may enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance as well as to protect a person from harm.  This includes harm that a person may do themselves, as well as harm that a person may do to others.  Juries must apply an objective standard to determine the reasonableness of the officer's belief, however, this probable cause requirement must be applied by reference to the circumstances then confronting the officer, including the need for a prompt assessment of sometimes ambiguous information concerning potentially serious consequences.

Factors which you should considered are:

the gravity or violent nature of the offense with which the suspect is to be charged;

whether the suspect is reasonably believed to be armed;

a clear showing of probable cause to believe that the suspect committed the crime;

a strong reason to believe that the suspect is in the premises being entered;

and the peaceful circumstances of the entry.

If a reasonable officer could conclude that entry into the plaintiff's home

was necessary to protect either the plaintiff or someone else from harm, the

entry is allowed under the theory of exigent circumstances.

Authority: Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir.1998); United States v. MacDonald, 916 F.2d 766, 769 (2d Cir.1990) (en banc);

<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

One of the claims by plaintiff against the defendants is that each of them

intentionally inflicted emotional distress upon him.  This is under state common

law and is not based upon the United States Constitution.

The first element that the plaintiff must prove in order to recover under a

cause of action for intentional infliction of emotional distress is that the defendant

intended to inflict emotional distress upon her, or knew or should have know, that

emotional distress would likely result from their conduct.  It is not enough that a

defendant may have negligently, inadvertently or accidentally inflicted emotional

distress on the plaintiff, even if that was the result.  If you do not find that the

defendants intended to cause severe emotional distress to the plaintiffs, you

cannot find the defendant liable under this cause of action.

The second element of the plaintiff's claim, which plaintiff must prove, is

that the defendants' conduct was extreme and outrageous.  It is not enough if

you consider the defendants' conduct to have been unlawful.  The defendants

will only be liable for conduct which has been so outrageous in character and so

extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.  If you do not find that the defendants' conduct can be classified in the manner I have just described, you shall return a verdict in favor of the defendant on this claim.

The third element of the plaintiff's cause of action for intentional infliction of emotional distress requires him to prove that the defendants' conduct was the cause of any distress they may have suffered.  You must distinguish between any distress or anxiety resulting from the arrest itself, and that which is actually caused by the defendants' conduct.  If you do not find that the plaintiff suffered any mental distress, or any mental distress which she did suffer was caused by some source other than the defendants' alleged unlawful actions, you shall return a verdict in favor of the defendants on this cause of action.

The fourth and final element of the plaintiff's cause of action for intention infliction of emotional distress requires her to prove that any emotional distress which he did suffer as the result of defendants' conduct was severe.  You may have heard evidence which may lead you to believe that the plaintiff suffered some mental anxiety, as a result of being lawfully arrested, and these complaints you must disregard.  In order for plaintiff to recover under this cause of action, he must show that any distress he experienced meets with the criteria for the three elements already explained to you and was additionally, severe.  Although it is

not necessary for there to be any physical injury, it is not enough that plaintiff suffered mild indignities or humiliation.  These subjective feelings must have affected him to such an extent that the ordinary individual would consider them severe.  If you do not find that plaintiff's emotional distress, if any, was severe, you shall return a verdict in favor of the defendants in this cause of action.[3]

## DAMAGES:GENERAL

I shall now instruct you on the issues of damages.  You should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the element of damages.  It is exclusively your function to decide the issue of liability, and I am instructing you on elements of damages solely so that you will have guidance should you decide that the plaintiff is entitled to recovery.[4]

## INSTRUCTIONS ON DAMAGES

If the plaintiffs have proven by a preponderance of the credible evidence that one or more of the defendants are liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled.  You should not consider the question of damages at all, unless you have first determined that one or more of the defendants did violate the plaintiff's constitutional rights and that those defendants are not entitled to qualified immunity.

---

[3] Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986)Reed v. Signoid Corp., 652 F.Supp. 129, 136 (D.Conn. 1986)Collins v. Gulf Oil Corp., 605 F.Supp. 1519, 1521 (D.Conn. 1985).

[4] Sand, Instruction No. 77-1

**Authority:**   Eulo v. Deval Aerodynamics, Inc. 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189. 28 L.Ed.2d 322 (1971); Kreiger v. Bausch, 377 F.2d 398 (10th Cir. 1967).


## COMPENSATORY DAMAGES

The first kind of damages is compensatory damages.  Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  You shall award actual, or compensatory, damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by a defendant.  That is, you may not simply award actual damages for any injury suffered by the plaintiff.  Compensatory, or actual, damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  You may award compensatory damages only for those injuries which were proximately caused by the unconstitutional conduct of one or more of the defendants.

The law does not recognize an inherent or abstract monetary value of a

30

constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual injury or loss.  If you do find that a defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff has suffered actual injury or loss by virtue of their constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiffs' constitutional rights.

    **Authority:**    Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 28 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

## DAMAGES:PROXIMATE CAUSE

    As to each of these claims, it is also necessary for the plaintiff to prove by a fair preponderance of the evidence that any wrong done him -- deprivation of civil rights and intentional infliction of emotional distress -- was a proximate cause of injury or loss to him.  The test for proximate cause is simply this: was the act complained of a substantial factor in causing the injury or loss.

    The plaintiff must prove that the defendants' acts were the proximate cause of any injuries actually sustained.  Proximate cause means that there must

be a sufficient causal connection between the unlawful conduct of a defendant and any injury or damage sustained by plaintiff.  A defendant's unlawful conduct is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's conduct.  If an injury was a direct result or a reasonably probable consequence of a defendant's unlawful conduct, it was proximately caused by such unlawful conduct.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant(s).  If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiff's complaints about an injury or condition that would have occurred even in the absence of defendants' conduct, you must find that the defendants did not proximately cause that injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's unlawful conduct and the plaintiff's injury and which produces a result which was

not reasonably foreseeable by the defendant.  Defendant also is not liable if plaintiff's injury was caused by some other, totally unrelated, incident or event.

You may award damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of the law.  You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that the defendant deprived the plaintiff of a constitutional right, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

### DAMAGES:SPECULATION

You must not speculate or guess as to damages.  It is the plaintiff's burden to prove each element, item, and amount of damages, not the defendant's burden to disprove them.

On the other hand, proof of damages to mathematical precision is not required.  Damages need not be proven with exactitude.  All that is required is that the preponderance of the evidence, with such certainty as the case may permit, lays a foundation that will enable you to estimate fairly the amount of damages sustained by the plaintiff.[5]

---

[5] Devitt & Blackmar, Instructions §85.14.

**<u>PUNITIVE DAMAGES</u>**

You may also decide whether the plaintiff is entitled to the award of any punitive damages.  Punitive damages are not favored in law and are to be allowed only with caution and within narrow limits.[6]     In a case like this one, you may consider whether acts or omissions of the defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that there have been malicious actions by the defendants in gross disregard of the plaintiff's rights.[7]

If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award them punitive damages.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

If you find that the act of the defendant was done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the plaintiff, then you may award punitive damages as you find proper.

---

[6] LaReau v. Manson, 383 F.Supp 214, 219 (D.Conn. 1974).
[7] <u>Smith v. Wade</u>, 461 U.S. 30 (1983); <u>Stolberg v. Board of Trustees</u>, 474 F.2d 489 (2d Cir. 1973); <u>McFadden v. Sanchez</u>, 710 F.2d 907 (2d Cir. 1983); <u>Savarese v. Agriss</u>, 883 F.2d 1194, 1204 (3d Cir. 1989); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 648-49 (9th Cir.1991); <u>Wright v. Sheppard</u>, 919 F.2d 665, 670-73 (11th Cir. 1990).

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, be fixed with calm discretion and sound reason.  They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

**Authority:**   Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport v. Fact Concerts, Inc., 453 U.D. 247, 101 S.C5. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 U.S. 247. 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991).

## Multiple Defendants

You must give separate consideration to each claim and each party in this case.  Although there are three defendants, it does not follow that if one is liable, any of the others is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to

other claims.[8]  In this case the Plaintiff claims there was an illegal search of his

home, and that he suffered excessive force during his arrest.  The claims against

Officer Jacobson only relate only to the search of the house and there is no

claim against Officer Jacobson for the allegation that excessive force was used

or that he failed to prevent the use of excessive force.  You may only award

damages against Officer Jacobson if you find he violated the plaintiff's

constitutional rights in searching the home, and then only in an amount designed

to compensate the plaintiff for the damages he suffered as a result of the search

of his home, not for any other damages the plaintiff alleges he suffered.

_____

[8] Adapted from "Federal Civil Jury Instructions of the Seventh Circuit. P. 32)

**(17)   PROPOSED VERDICT FORM**

1.  Has the plaintiff proved that the defendant Segar entered his residence without a search warrant?

        Yes_____        No_____

2.  Has the plaintiff proved that the defendant Lynch entered his residence without a search warrant?

        Yes_____        No_____

3.  Has the plaintiff proved that the defendant Jacobson entered his residence without a search warrant?

        Yes_____        No_____

4.  If your answer to Interrogatory Number 1, Interrogatory Number 2, or Interrogatory Number 3 is yes, what amount of money do you award the plaintiff as compensation for the warrantless search of his home?

        $_____

5.  If your answer to Interrogatory Number 1 is yes, what amount of money, if any, do you award the plaintiff as punitive damages against Defendant Segar:

        $_____

6.  If your answer to Interrogatory Number 2 is yes, what amount of

money, if any, do you award the plaintiff as punitive damages against Defendant Lynch?

$_____

7.  If your answer to Interrogatory Number 3 is yes, what amount of money, if any, do you award the plaintiff as punitive damages against Defendant Jacobson?

$_____

8.  Has the plaintiff proved that defendant Segar is responsible for the use of unreasonable force against him?

Yes_____            No_____

9.  Has the plaintiff proved that defendant Lynch is responsible for the use of unreasonable force against him?

Yes_____            No_____

10.  Has the plaintiff proved that defendant Jacobson is responsible for the use of unreasonable force against him?

Yes_____            No_____

11.  If your answer to Interrogatory 8, Interrogatory 9, or Interrogatory 10 is yes, what amount of money do you award the plaintiff as compensatory damages for unreasonable force?

$_____

12.  If your answer to Interrogatory 8 is yes, what amount of money, if any, do you award the plaintiff as punitive damages against the defendant Segar?

$_____

13.  If your answer to Interrogatory 9 is yes, what amount of money, if any, do you award the plaintiff as punitive damages against the defendant Lynch?

$_____

14.  If your answer to Interrogatory 10 is yes, what amount of money, if any, do you award the plaintiff as punitive damages against the defendant Jacobson?

$_____


**DEFENDANTS' PROPOSED VERDICT FORM**

<u>The Search of the Plaintiff's Home?</u>

1.      Was the search of the plaintiff's house done under exigent circumstances?

Yes _____                    No _____

2.      If the answer to number one is "Yes," proceed to [excessive force sections].  If the answer to number one is "No," ten has Gregg Jacobson proven that he is entitled to qualified immunity for the search of the Plaintiff's home?

Yes _____                    No _____

3.      Has Todd Lynch proven that he is entitled to qualified immunity for the search of the Plaintiff's home?

   Yes _____     No _____

4.      If the answer to number 2 **_AND_** number 3 is "Yes" then stop here *[or go onto a section concerning the claims of excessive force]*.  If the answer to **_EITHER_** number 2 or number 3 is "No," then has the Plaintiff proven that he suffered damages because of the search of his home?

   Yes _____     No _____

5.      What is the amount of damages the Plaintiff has proven because of the illegal search of his home?  $ _____

6.      If damages are awarded in number five, is the plaintiff entitled to punitive damages because of the search of his home?

   Yes _____     No _____

**(18)   OBJECTIONS**

The plaintiff objects to instructions or verdict forms on the topic of qualified immunity, as that issue is to be determined by the court.

The plaintiff objects to submitting the question of "exigent circumstances" to the jury because that is an issue of law to be decided by the court.

The defendants Segar and Lynch object to the Plaintiff's Proposed Verdict Form questions 1, 4, 5, 10 and 14.  They further object to Plaintiff's Jury Instructions 4(c) and (d) as there is no evidence of same.

Defendant Jacobson objects to large portions of the plaintiff's proposed jury interrogatory.  It ignores the decision of the Court as to his Motion for Summary Judgment which eliminated all claims against him as to the allegations of excessive force, failure to protect fromexcessive force and does not provide for the possibility that a jury will find that he is entitled to qualified immunity for the search of the plaintiff's home.


THE PLAINTIFF


BY:_____/s/_____
         JOHN R. WILLIAMS
         51 Elm Street
         New Haven, CT 06510
         203-562-9931
         Fax: 203-776-9494
         jrw@johnrwilliams.com

THE DEFENDANT JACOBSON


BY:_____/s/_____
       DAVID C. YALE
       Noble, Spector, Young & O'Connor
       One Congress Street, Fourth Floor
       Hartford, CT 06114
       860-525-9975
       Fax: 860-727-9915
       yale@nsyolaw.com


THE DEFENDANTS SEGAR AND LYNCH


BY:_____/s/_____
       PAUL T. EDWARDS
       PETER D. CLARK
       245 Amity Road, Suite 200
       Woodbridge, CT 06525
       203-387-5100
       Fax: 203-387-5101
       pedwards@decllp.com
       pclark@decllp.com