UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                :
WILLIAM A. PARKS                :
                                :
v.                              :   CIV. NO. 3:09CV1162 (HBF)
                                :
MARSHALL SEGAR,                 :
TODD LYNCH,                     :
GREGORY JACOBSON                :   10/23/2012 3:35 PM
```

CHARGE TO THE JURY ............................................................................. 3

FUNCTION OF THE COURT AND JURY .............................................. 5

EVIDENCE ............................................................................................... 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE .................................. 9

WEIGHT OF THE TESTIMONY ............................................................ 11

DEPOSITIONS ........................................................................................ 14

COURT'S QUESTIONS TO WITNESSES ............................................. 16

BURDEN OF PROOF – CIVIL ............................................................... 17

TESTIMONY OF POLICE OFFICER ..................................................... 20

MULTIPLE DEFENDANTS ................................................................... 21

PLAINTIFF'S CASE ............................................................................... 23

THE STATUTE: 42 U.S.C. §1983 .......................................................... 24

  PURPOSE OF THE STATUTE ............................................................ 25

  ELEMENTS OF A SECTION 1983 CLAIM ....................................... 26

  SECTION 1983: FIRST ELEMENT-COLOR OF STATE LAW ...... 27

  SECTION 1983: SECOND ELEMENT-DEPRIVATION OF RIGHT .......... 28

    UNLAWFUL ENTRY ONTO PROPERTY ..................................... 30

  LAWS GOVERNING THE CONDUCT OF POLICE OFFICERS ...... 36

    EXCESSIVE FORCE .......................................................................... 39

  SECTION 1983: STATE OF MIND .................................................... 42

  SECTION 1983: THIRD ELEMENT--PROXIMATE CAUSE ........... 45

JOINT LIABILITY.................................................................................47

   SECTION 1983-ELEMENTS REVIEWED.........................................52

DAMAGES: INTRODUCTION ....................................................................53

   COMPENSATORY DAMAGES.....................................................................54

   CAUSATION AND DAMAGES ....................................................................55

   NOMINAL DAMAGES.................................................................................57

   PUNITIVE DAMAGES ...............................................................................58

   PUNITIVE DAMAGES ...............................................................................59

NOTE TAKING .........................................................................................62

ACCESS TO TESTIMONY.........................................................................63

USE OF THE VERDICT FORM ..................................................................64

CONCLUSION............................................................................................65

**CHARGE TO THE JURY**

MEMBERS OF THE JURY, YOU HAVE LISTENED TO AND SEEN THE EVIDENCE IN THIS CASE, AND YOU HAVE HEARD THE ARGUMENTS OF COUNSEL.  YOU ARE NOW TO RECEIVE FROM ME THE RULES OF LAW THAT LIE AT THE FOUNDATION OF THE VARIOUS MATTERS HERE IN ISSUE:  THE RULES WHICH, WHEN APPLIED BY YOU, WILL LEAD TO YOUR ULTIMATE DECISIONS.

IT IS YOUR DUTY AS CITIZENS AND AS JURORS TO DELIBERATE ON THIS CASE, AND TO ARRIVE AT FAIR AND JUST DECISIONS BASED UPON THE EVIDENCE AND THE LAW.  SYMPATHY AS WELL AS BIAS HAVE NO PLACE IN THE CASE AND YOU SHOULD CONSCIENTIOUSLY AND DEFINITELY AVOID ANY CONSIDERATION OF SYMPATHY OR BIAS AS A BASIS FOR YOUR DECISIONS.  AND THAT APPLIES EQUALLY TO THE PLAINTIFF AND TO THE DEFENDANTS.

I WILL FIRST, IF I MAY, DIRECT YOUR ATTENTION TO CERTAIN GENERAL PRINCIPLES THAT WILL GUIDE YOUR CONSIDERATION OF THE MATTERS IN THIS CASE BEFORE DISCUSSING THE SPECIFICS OF THIS

CASE AND THE LAW APPLICABLE TO THEM.

## FUNCTION OF THE COURT AND JURY

FIRST, LET ME REMIND YOU AGAIN THAT YOU ARE THE SOLE JUDGES OF THE FACTS.  IT IS YOUR DUTY TO FIND THE FACTS.  YOU ARE TO RECOLLECT AND WEIGH THE EVIDENCE AND DRAW YOUR OWN CONCLUSIONS AS TO WHAT THE ULTIMATE FACTS ARE.

IT IS MY FUNCTION AND INDEED MY DUTY TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE.  YOU MUST APPLY THE LAW, AS I GIVE IT TO YOU, TO THE FACTS YOU FIND PROVED.  YOU ARE TO ACCEPT THE LAW FROM THE COURT, THAT IS FROM ME, CONSIDERING MY CHARGE AS A WHOLE, WITHOUT REGARD TO ANY CLAIMS WHICH HAVE BEEN MADE BY COUNSEL AND WITHOUT REGARD, ALSO, TO ANY CONVICTIONS YOU YOURSELVES MAY HAVE AS TO WHAT THE LAW IS OR WHAT YOU THINK THE LAW OUGHT TO BE.  YOU WILL THEN RENDER YOUR VERDICT BY UNANIMOUS VOTES.

**EVIDENCE**

AT THE OUTSET, I SHOULD INFORM YOU THAT I AM NOT GOING TO REVIEW OR MARSHALL THE EVIDENCE FOR YOU.  I AM SURE THE EVIDENCE IS STILL FRESH IN YOUR MINDS, AND COUNSEL HAVE JUST REVIEWED THEIR FACTUAL CONTENTIONS IN THEIR SUMMATIONS.  IF ANY COMMENTS THAT I DO MAKE ABOUT THE EVIDENCE DIFFER FROM YOUR OWN RECOLLECTION, IT IS ALWAYS YOUR RECOLLECTION THAT CONTROLS, NOT MINE.

YOU MUST ONLY CONSIDER THE EVIDENCE PROPERLY ADMITTED IN THE CASE.  THE EVIDENCE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, ALL EXHIBITS, AND STIPULATIONS BETWEEN THE PARTY.

STATEMENTS, ARGUMENTS, AND CHARACTERIZATIONS OF COUNSEL, HOWEVER, INCLUDING THOSE MADE IN THE FORM OF A QUESTION TO A WITNESS, ARE NOT EVIDENCE IN THE CASE AND SHOULD NOT BE CONSIDERED BY YOU IN YOUR DELIBERATIONS ON THE CASE.  AGAIN, IT IS YOUR RECOLLECTION OF THE EVIDENCE THAT GOVERNS.

YOU MUST ENTIRELY DISREGARD ANY EVIDENCE AS TO WHICH AN

OBJECTION HAS BEEN SUSTAINED BY THE COURT.  IT IS THE DUTY OF

THE LAWYERS ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE

OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE LAWYER BELIEVES IS

NOT PROPERLY ADMISSIBLE.  YOU SHOULD NOT SHOW PREJUDICE AGAINST

A LAWYER OR HIS CLIENT BECAUSE THE LAWYER HAS MADE OBJECTIONS.

AND YOU MUST NOT ALLOW OUR DISCUSSIONS OR MY RULINGS ON THOSE

TECHNICAL MATTERS TO INFLUENCE YOU IN ANY WAY, FOR OR AGAINST

EITHER SIDE.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED

OVER THE OBJECTIONS OF ONE OF THE LAWYERS, THE COURT HAS NOT

INDICATED, NOR HAVE I MEANT TO INDICATE, ANY OPINION AS TO THE

WEIGHT OR EFFECT OF SUCH TESTIMONY OR EVIDENCE.  YOU, THE

JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES

AND THE WEIGHT AND EFFECT OF ALL EVIDENCE -- EACH AND EVERY ITEM

OF IT AS WELL AS ITS TOTALITY. I HAVE NO OPINION ABOUT THE MERIT

OF ANY TESTIMONY.  IF I DID, I WOULD BE ENCROACHING ON YOUR JOB,

AND THAT I WILL NOT DO.

ANYTHING YOU HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS

NOT EVIDENCE IN THE CASE, AND MUST BE ENTIRELY DISREGARDED.  BUT

IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO

THE BALD STATEMENTS OF WITNESSES.  IN OTHER WORDS, YOU ARE NOT

LIMITED TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY.  YOU

ARE PERMITTED TO DRAW, FROM FACTS THAT YOU FIND PROVED, SUCH

REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF

EXPERIENCE.  AN INFERENCE IS A DEDUCTION OR CONCLUSION THAT

REASON AND COMMON SENSE LEAD YOU TO DRAW FROM FACTS THAT YOU

FIND HAVE BEEN PROVED.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

AS A GENERAL RULE, THERE ARE TWO TYPES OF EVIDENCE FROM

WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF THIS OR ANY

OTHER CASE:  DIRECT AND CIRCUMSTANTIAL EVIDENCE.  SIMPLY PUT,

DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL

KNOWLEDGE OF A FACT, FOR EXAMPLE, AN EYEWITNESS.  CIRCUMSTANTIAL

EVIDENCE, GENERALLY PUT, IS PROOF OF A CHAIN OF FACTS AND

CIRCUMSTANCES THAT MAY INDICATE THE EXISTENCE OR NON-EXISTENCE

OF A FACT.

NOW, TO ILLUSTRATE THE DIFFERENCE BETWEEN DIRECT AND

CIRCUMSTANTIAL EVIDENCE, LET US ASSUME THAT THE FACT IN ISSUE IN

A CASE IS WHETHER IT WAS RAINING ON A PARTICULAR AFTERNOON.  IF

A WITNESS TESTIFIED THAT HE OR SHE PERSONALLY SAW IT RAINING

THAT DAY, THEN WE WOULD SAY THAT WE HAD DIRECT EVIDENCE OF THAT

FACT.    ON THE OTHER HAND, IF A WITNESS TESTIFIES THAT HE OR

SHE WAS IN A WINDOWLESS ROOM ON THAT AFTERNOON, BUT THAT WHEN

THE WITNESS CAME INSIDE, THE SKY WAS OVERCAST, AND THAT WHILE

THE WITNESS WAS IN THE ROOM, ONE PERSON ENTERED WITH A DRIPPING

WET UMBRELLA WHILE ANOTHER WALKED IN WEARING A WET RAINCOAT, WE

WOULD SAY THAT WE HAVE CIRCUMSTANTIAL EVIDENCE OF THE FACT THAT

IT WAS RAINING.

THAT IS A VERY SIMPLE ILLUSTRATION.

IMPORTANTLY, AS A GENERAL RULE, THE LAW MAKES NO

DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT

SIMPLY REQUIRES THAT, BEFORE FINDING A CHARGE PROVEN, OR A FACT

ESTABLISHED, THE JURY BE SATISFIED OF THE PROOF OF THAT CHARGE

OR FACT BY THE APPROPRIATE STANDARD -- A MATTER I WILL DISCUSS

WITH YOU SHORTLY.

**WEIGHT OF THE TESTIMONY**

IN FULFILLING YOUR DUTY AS FINDERS OF FACT, YOU AS JURORS

ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE

WEIGHT, IF ANY, THEIR TESTIMONY DESERVES.  THIS IS ALSO TRUE AS

TO THE VERACITY AND WEIGHT OF THE OTHER EVIDENCE, INCLUDING

EXHIBITS.  THERE IS NO MAGICAL FORMULA BY WHICH ONE MAY EVALUATE

TESTIMONY.  YOU BRING WITH YOU TO THIS COURTROOM ALL THE

EXPERIENCE AND BACKGROUND OF YOUR DAILY LIVES.  IN YOUR EVERYDAY

AFFAIRS YOU DETERMINE FOR YOURSELVES THE RELIABILITY OR

UNRELIABILITY OF STATEMENTS MADE TO YOU OR DOCUMENTS GIVEN TO

YOU BY OTHERS.  THE SAME TESTS THAT YOU USE IN YOUR EVERYDAY

DEALINGS ARE THE TESTS THAT YOU SHOULD APPLY IN YOUR

DELIBERATIONS HERE.  YOU MAY CONSIDER THE DEMEANOR OF THE

WITNESS ON THE STAND AND ANY INTEREST HE OR SHE MAY HAVE IN THE

OUTCOME OF THE CASE.  YOU MAY ALSO CONSIDER ANY BIAS OR

PREJUDICE FOR OR AGAINST ANY PARTY; THE WITNESS' OPPORTUNITY TO

OBSERVE; ANY REASON FOR THE WITNESS TO REMEMBER OR FORGET; THE

INHERENT PROBABILITY OF HIS OR HER STORY; ITS CONSISTENCY OR

LACK OF CONSISTENCY; AND ITS CORROBORATION OR LACK OF

CORROBORATION BY OTHER CREDIBLE EVIDENCE.

YOU MAY DECIDE NOT TO ACCEPT A WITNESS' TESTIMONY EVEN IF

IT STANDS UNCONTRADICTED AND UNIMPEACHED.  ON THE OTHER HAND,

YOU MAY FIND A PARTICULAR FACT ESTABLISHED EVEN THOUGH IT IS

SUPPORTED ONLY BY THE TESTIMONY OF ONE WITNESS.  IN SUM, JURORS,

YOU ALONE DETERMINE WHAT WEIGHT, IF ANY, TO GIVE TO THE EVIDENCE

PRESENTED.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN,

THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND

EVERY MATTER IN EVIDENCE WHICH TENDS TO INDICATE WHETHER A

WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'

INTELLIGENCE, MOTIVE, STATE OF MIND AND DEMEANOR WHILE ON THE

STAND.  CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO

EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT

BE AFFECTED BY THE VERDICT AND THE EXTENT TO WHICH, IF AT ALL,

EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER

CREDIBLE EVIDENCE IN THE CASE.

YOU MAY ALSO BEAR IN MIND THAT IF YOU SHOULD FIND THAT ANY

WITNESS HAS DELIBERATELY TESTIFIED FALSELY ON ANY MATERIAL

POINT, YOU MAY TAKE THAT INTO CONSIDERATION IN DETERMINING

WHETHER THAT WITNESS HAS TESTIFIED FALSELY ON OTHER POINTS.

SIMPLY BECAUSE YOU FIND THAT A WITNESS HAS NOT TESTIFIED

ACCURATELY WITH RESPECT TO ONE FACT, IT DOES NOT NECESSARILY

FOLLOW THAT THE WITNESS IS WRONG ON EVERY OTHER POINT.  A

WITNESS MAY HONESTLY BE MISTAKEN ON ONE POINT OF TESTIMONY YET

ENTIRELY ACCURATE ON OTHERS.  BUT IF YOU FIND THAT A WITNESS HAS

DELIBERATELY LIED ON ANY MATERIAL POINT, IT IS ONLY NATURAL THAT

YOU SHOULD BE SUSPICIOUS OF THE TESTIMONY OF THAT WITNESS ON ALL

POINTS.  UNDER THOSE CIRCUMSTANCES, YOU ARE ENTITLED, IF YOU

DEEM IT APPROPRIATE, TO DISBELIEVE THE ENTIRE TESTIMONY OF THAT

WITNESS.  WHETHER YOU DISBELIEVE IT OR NOT LIES IN YOUR SOUND

JUDGMENT AND SOLE PREROGATIVE.

### DEPOSITIONS

DURING THE TRIAL YOU HEARD WITNESSES ASKED ABOUT THEIR

"DEPOSITIONS."  OCCASIONALLY, LAWYERS INCLUDE DEPOSITION

TESTIMONY IN THEIR QUESTIONS.  AFTER A LAWSUIT IS FILED, THERE

IS A PERIOD OF TIME, CALLED THE "DISCOVERY" PERIOD, WHEN THE

PARTIES EXCHANGE INFORMATION AND DOCUMENTS.  DURING THIS PERIOD,

EACH SIDE MAY ASK QUESTIONS OF POTENTIAL WITNESSES UNDER OATH.

THAT QUESTIONING, WHICH DOES NOT HAPPEN IN FRONT OF A JUDGE, IS

CALLED A DEPOSITION.  A STENOGRAPHER RECORDED THE QUESTIONS AND

ANSWERS AND TRANSCRIBED THEM INTO A DOCUMENT WHICH EACH WITNESS

LATER HAD AN OPPORTUNITY TO REVIEW AND SIGN BEFORE A NOTARY

PUBLIC.  THE RULES OF EVIDENCE WHICH APPLY AT TRIALS ARE NOT IN

EFFECT AT DEPOSITIONS; WITH LIMITED EXCEPTIONS, LAWYERS CAN ASK

14

ANY QUESTIONS THEY WISH.

**COURT'S QUESTIONS TO WITNESSES**

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED

QUESTIONS OF A WITNESS TO TRY TO CLARIFY FACTS NOT THEN FULLY

COVERED BY THE TESTIMONY OR ABOUT WHICH ONE OF YOU HAD A

QUESTION.  PLEASE DO NOT ASSUME THAT I HOLD ANY OPINION ON THE

MATTERS TO WHICH MY QUESTIONS MAY HAVE RELATED OR THAT THE AREAS

ARE OF ANY PARTICULAR IMPORTANCE.  REMEMBER THAT YOU, AS JURORS,

DECIDE WHAT SIGNIFICANCE EACH ITEM OF EVIDENCE HAS. QUESTIONS OR

COMMENTS I MAKE ARE NOT EVIDENCE, JUST AS WHAT THE LAWYERS SAY

IS NOT EVIDENCE.

**BURDEN OF PROOF – CIVIL**

IN THIS CIVIL ACTION THE PLAINTIFF BEARS THE BURDEN OF

PROVING EACH ESSENTIAL ELEMENT OF HIS CLAIM BY A "PREPONDERANCE

OF THE EVIDENCE."

I WISH TO POINT OUT THAT THE BURDEN OF PROOF IN CIVIL CASES

SUCH AS THIS ONE DIFFERS FROM THE BURDEN OF PROOF IN CRIMINAL

CASES.  IN A CRIMINAL CASE, THE BURDEN OF PROOF IS PROOF "BEYOND

A REASONABLE DOUBT"; IN A CIVIL CASE, THE BURDEN OF PROOF IS

GENERALLY PROOF "BY A PREPONDERANCE OF THE EVIDENCE."  TO PROVE

BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT SOMETHING

IS MORE LIKELY SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE

OF THE EVIDENCE MEANS SUCH EVIDENCE, AS WHEN CONSIDERED AND

COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND

PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED

IS MORE LIKELY TRUE THAN NOT TRUE.  THIS IS NOT NECESSARILY

DETERMINED BY THE GREATER NUMBER OF WITNESSES PRODUCED BY A

17

PARTY, BUT IT MEANS THAT THE EVIDENCE ON BEHALF OF THE PARTY ON

WHOM THE BURDEN RESTS MUST HAVE GREATER WEIGHT IN YOUR JUDGMENT,

THAT IS, GREATER PROBATIVE VALUE.

IT MIGHT BE HELPFUL TO VISUALIZE A PAIR OF SCALES IN EQUAL

BALANCE.  IMAGINE THAT YOU CAN PUT  EVIDENCE SUPPORTING

PLAINTIFF ON ONE SIDE OF THE SCALE AND EVIDENCE SUPPORTING A

DEFENDANT ON THE OTHER.  IF THE SCALES TIP EVER SO SLIGHTLY IN

FAVOR OF THE PLAINTIFF, THE PLAINTIFF'S EVIDENCE PREPONDERATES,

AND HE HAS SUSTAINED HE BURDEN OF PROOF.  IF THE SCALES TIP THE

OTHER WAY, EVER SO SLIGHTLY IN FAVOR OF THE DEFENDANT, THEN

OBVIOUSLY THE PLAINTIFF HAS NOT SUSTAINED HIS BURDEN OF PROOF.

SHOULD YOU FEEL THAT THE SCALES ARE EVENLY BALANCED, THAT

NEITHER SIDE'S EVIDENCE OUTWEIGHS THE OTHER, THEN THE PLAINTIFF

HAS FAILED TO MEET THE BURDEN OF PROVING HIS CASE BY A

PREPONDERANCE OF THE EVIDENCE.

**TESTIMONY OF POLICE OFFICER**

THE TESTIMONY OF A POLICE OFFICER IS ENTITLED TO NO SPECIAL

SANCTITY OR CREDIBILITY SIMPLY BECAUSE THE WITNESS IS A POLICE

OFFICER.  A POLICE OFFICER WHO TAKES THE WITNESS STAND SUBJECTS

THE OFFICER'S TESTIMONY TO THE SAME EXAMINATION AND THE SAME

TESTS AS ANY OTHER WITNESS.  THE TESTIMONY OF PEOPLE EMPLOYED BY

THE GOVERNMENT, INCLUDING POLICE OFFICERS, IS ENTITLED TO NO

MORE OR LESS CREDIBILITY THAN THE TESTIMONY OF ANY OTHER

WITNESS.  AS WITH ANY OTHER WITNESS, IT IS EXCLUSIVELY THE

PROVINCE OF THE JURY TO GIVE THE TESTIMONY OF A POLICE OFFICER

THE CREDIBILITY OR WEIGHT YOU THINK IT DESERVES.

**MULTIPLE DEFENDANTS**

IN THIS CASE, THE PLAINTIFF IS WILLIAM PARKS.  THERE ARE

THREE INDIVIDUAL DEFENDANTS; MARSHALL SEGAR AND TODD LYNCH WERE

EMPLOYED BY THE NEW LONDON POLICE DEPARTMENT AND GREGORY

JACOBSON WAS EMPLOYED BY THE MONTVILLE POLICE DEPARTMENT AT THE

TIME OF THE EVENTS GIVING RISE TO THIS CASE.

IN FACT, THIS IS THREE CASES, WILLIAM PARKS AGAINST EACH OF

THE DEFENDANTS:  ONE BY MR. PARKS AGAINST MARSHALL SEGAR

CLAIMING UNLAWFUL ENTRY, ONE BY MR. PARKS AGAINST TODD LYNCH

CLAIMING EXCESSIVE FORCE AND UNLAWFUL ENTRY, ONE BY MR. PARKS

AGAINST OFFICER JACOBSON CLAIMING UNLAWFUL ENTRY. WE TRY THEM

TOGETHER AS A MATTER OF CONVENIENCE, TO SAVE THE TIME AND COST

OF MULTIPLE TRIALS ARISING FROM THE SAME SET OF FACTS.  BUT YOU

SHOULD CONSIDER THE CASE AGAINST EACH DEFENDANT SEPARATELY, AS

THOUGH HE WERE BEING TRIED ALONE.  YOU SHOULD NOT ALLOW THE

EVIDENCE AGAINST ONE DEFENDANT TO INFLUENCE YOUR JUDGMENT ABOUT

THE OTHER.

**PLAINTIFF'S CASE**

THE PLAINTIFF, WILLIAM PARKS, ALLEGES THAT DEFENDANTS MARSHALL SEGAR, TODD LYNCH AND GREGORY JACOBSON VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY UNLAWFULLY ENTERING HIS HOME WITHOUT A WARRANT.

PLAINTIFF ALSO ALLEGES THAT DEFENDANT TODD LYNCH VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY USING EXCESSIVE FORCE AGAINST HIM WHILE HE WAS IN POLICE CUSTODY.

**THE STATUTE: 42 U.S.C. §1983**

THE LAW TO BE APPLIED IN THIS CASE IS THE FEDERAL CIVIL

RIGHTS LAW WHICH PROVIDES A REMEDY FOR INDIVIDUALS WHO HAVE BEEN

DEPRIVED OF THEIR FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF

STATE LAW.  SECTION 1983 OF TITLE 42 OF THE UNITED STATES CODE

STATES, IN PERTINENT PART:

> EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE,
>
> REGULATION, CUSTOM OR USAGE OF ANY STATE OR TERRITORY OR
>
> THE DISTRICT OF COLUMBIA, SUBJECTS OR CAUSES TO BE
>
> SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON
>
> WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY
>
> RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE
>
> CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED
>
> IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER
>
> PROCEEDING FOR REDRESS.

**PURPOSE OF THE STATUTE**

SECTION 1983 CREATES A REMEDY FOR PERSONS WHO HAVE BEEN DEPRIVED OF RIGHTS, PRIVILEGES AND IMMUNITIES SECURED TO THEM BY THE UNITED STATES CONSTITUTION AND FEDERAL STATUTES.  BEFORE SECTION 1983 WAS ENACTED IN 1871, PEOPLE SO INJURED WERE NOT ABLE TO SUE STATE OFFICIALS OR PERSONS ACTING UNDER COLOR OF STATE LAW FOR MONEY DAMAGES IN FEDERAL COURT.

SECTION 1983 WAS ENACTED TO GIVE PEOPLE A FEDERAL REMEDY ENFORCEABLE IN FEDERAL COURT BECAUSE IT WAS FEARED THAT ADEQUATE PROTECTION OF FEDERAL RIGHTS MIGHT NOT BE AVAILABLE IN STATE COURTS.

## ELEMENTS OF A SECTION 1983 CLAIM

TO ESTABLISH A CLAIM AGAINST A DEFENDANT UNDER SECTION 1983, A PLAINTIFF MUST ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE, EACH OF THREE ELEMENTS:

FIRST, THAT THE CONDUCT COMPLAINED OF WAS COMMITTED BY A PERSON ACTING UNDER COLOR OF STATE LAW;

SECOND, THAT THIS CONDUCT DEPRIVED THE PLAINTIFF OF RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES; AND

THIRD, THAT THE ACTS OF THE DEFENDANT WERE A PROXIMATE CAUSE OF THE INJURIES AND CONSEQUENT DAMAGES WHICH THE PLAINTIFF CLAIMS HE SUSTAINED.

I SHALL NOW EXAMINE EACH OF THE THREE ELEMENTS IN GREATER DETAIL.

## SECTION 1983: FIRST ELEMENT-COLOR OF STATE LAW

THE FIRST ELEMENT IS THAT A DEFENDANT ACTED UNDER COLOR OF

STATE LAW.  IN THIS CASE, EVEN THOUGH DEFENDANTS SEGAR, LYNCH

AND JACOBSON DENY THAT THEY COMMITTED THE CONSTITUTIONAL

VIOLATIONS WHICH PLAINTIFF ALLEGES, IT IS AGREED THAT WHATEVER

THE DEFENDANT POLICE OFFICERS DID WAS IN FACT DONE UNDER COLOR

OF STATE LAW, BECAUSE ACTING UNDER COLOR OF STATE LAW SIMPLY

MEANS IN THEIR CAPACITY AS POLICE OFFICERS.  THAT DEFENDANTS

MARSHALL SEGAR AND TODD LYNCH WERE ACTING IN THEIR CAPACITIES AS

NEW LONDON POLICE OFFICERS AND GREGORY JACOBSON WAS ACTING IN

HIS CAPACITY AS A MONTVILLE POLICE OFFICER IS NOT IN DISPUTE.

BY AGREEMENT OF THE PARTIES, YOU MAY TAKE THE FIRST ELEMENT

AS PROVED, AND ANSWER "YES" TO THOSE QUESTIONS ON THE VERDICT

FORM.

### SECTION 1983: SECOND ELEMENT–DEPRIVATION OF RIGHT

GENERAL INSTRUCTIONS

THE SECOND ELEMENT OF A §1983 CLAIM IS THAT PLAINTIFF WAS

DEPRIVED OF A FEDERAL RIGHT BY ONE OR MORE OF THE DEFENDANTS.

TO DECIDE THIS ISSUE, YOU HAVE TO BE CONCERNED WITH

COMPETING INTERESTS, BOTH OF WHICH ARE VERY IMPORTANT.  ON THE

ONE HAND, THERE IS THE INTEREST OF A CITIZEN IN ENJOYING HIS

CONSTITUTIONAL RIGHTS.  ON THE OTHER HAND, THERE IS THE INTEREST

OF SOCIETY IN THE PERFORMANCE OF A POLICE OFFICER'S DUTIES.

THERE ARE STANDARDS FOR YOU TO APPLY BY WHICH THE LAW TRIES TO

ACCOMMODATE BOTH THESE INTERESTS, AND I WILL EXPLAIN THOSE

STANDARDS TO YOU.

IN ORDER FOR THE PLAINTIFF TO ESTABLISH THE SECOND ELEMENT

OF A SECTION 1983 CLAIM, HE MUST SHOW EACH OF THESE THINGS BY A

PREPONDERANCE OF THE EVIDENCE:

FIRST, THAT THE DEFENDANT UNDER CONSIDERATION COMMITTED

THE ACTS ALLEGED BY PLAINTIFF;

SECOND, THAT THOSE ACTS CAUSED THE PLAINTIFF TO SUFFER THE

LOSS OF A FEDERAL RIGHT; AND,

THIRD, THAT, IN PERFORMING THE ACTS ALLEGED, THE PARTICULAR

DEFENDANT ACTED INTENTIONALLY OR RECKLESSLY.

I WILL NOW TELL YOU MORE ABOUT THE LAW DEFINING THE RIGHTS

AT ISSUE.

**UNLAWFUL ENTRY ONTO PROPERTY**

PLAINTIFF CONTENDS THAT THE OFFICERS LYNCH AND JACOBSON VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION BY ENTERING HIS HOME ON MAY 15, 2009 WITHOUT A WARRANT, AND THAT LT. SEGAR FAILED TO INTERVENE TO PREVENT THE VIOLATION.

THE PLAINTIFF, LIKE ANY CITIZEN, HAD THE RIGHT NOT TO BE SUBJECTED TO AN UNREASONABLE SEARCH OR SEIZURE. THIS RIGHT IS GUARANTEED TO ALL OF US BY THE CONSTITUTION AND LAWS OF THE UNITED STATES, AND IS ENFORCIBLE THROUGH SECTION 1983.  IT ARISES FROM THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION, WHICH PROVIDES IN PART:

> THE RIGHT OF THE PEOPLE TO BE SECURE IN
>
> THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS,
>
> AGAINST UNREASONABLE SEARCHES AND SEIZURES,
>
> SHALL NOT BE VIOLATED . . . .

THE UNDISPUTED EVIDENCE IN THIS CASE IS THAT OFFICERS LYNCH

AND JACOBSON ENTERED PLAINTIFF'S RESIDENCE TO ARREST HIM, AND

THAT THEY DID NOT HAVE A SEARCH WARRANT AUTHORIZING THIS ENTRY.

MR. PARKS IS NOT CHALLENGING THE LEGALITY OF HIS ARREST IN

THIS PROCCEDING AND I INSTRUCT YOU AS A MATTER OF LAW THAT THE

PLAINTIFF'S ARREST WAS LAWFUL, THAT IS, SUPPORTED BY PROBABLE

CAUSE. IN CONNECICUT, POLICE OFFICERS MAY ARREST A SUSPECT

WITHOUT AN ARREST WARRANT IF THEY HAVE PROBABLE CAUSE TO BELIEVE

THE SUSPECT COMMITTED A CRIME AND THEY ACT ON "SPEEDY

INFORMATION."  THE OUTCOME OF MR. PARKS' CRIMINAL CASE IS NOT

RELEVANT TO YOUR DELIBERATIONS.

HOWEVER, EVEN IF A POLICE OFFIER MAY LEGALLY ARREST A

SUSPECT WITHOUT AN ARREST WARRANT, THE OFFICER IS STILL REQUIRED

TO OBTAIN A SEARCH WARRANT TO ENTER A HOME TO MAKE THE ARREST,

UNLESS ONE OF THE EXCEPTIONS TO THE WARRANT REQUIREMENT

JUSTIFIES ENTRY WITHOUT A SEARCH WARRANT.  UNDER THE FOURTH

AMENDMENT, ANY ENTRY INTO A RESIDENCE WITHOUT A WARRANT IS

PRESUMPTIVELY UNREASONABLE.

THE DEFENDANT POLICE OFFICERS CONTEND THAT IN THIS CASE

THEIR WARRANTLESS ENTRY WAS JUSTIFIED BY "EXIGENT

CIRCUMSTANCES." AMONG THE EXCEPTIONS TO THE REQUIREMENT THAT

POLICE OFFICERS OBTAIN A SEARCH WARRANT BEFORE THEY ENTER

PRIVATE PROPERTY IS THE RULE THAT A POLICE OFFICER MAY ENTER A

HOME WHEN THERE IS AN EMERGENCY, OR CIRCUMSTANCES DEMAND THAT

THE POLICE ACT SPEEDILY. THE EXISTENCE OF EXIGENT CIRCUMSTANCES

RENDERS A WARRANTLESS ENTRY REASONABLE UNDER THE FOURTH

AMENDMENT.

THE ESSENTIAL QUESTION IN DETERMINING WHETHER EXIGENT

CIRCUMSTANCES JUSTIFIED A WARRANTLESS ENTRY IS WHETHER POLICE

OFFICERS WERE CONFRONTED BY AN URGENT NEED TO RENDER AID OR TAKE

ACTION. THIS IS A FACTUAL DETERMINATION FOR YOU TO MAKE

CONSIDERING ALL THE EVIDENCE OF THE CIRCUMSTANCES CONFRONTING

THE OFFICERS, INCLUDING THE NEED FOR A PROMPT ASSESSMENT OF

SOMETIMES AMBIGUOUS INFORMATION CONCERNING POTENTIALLY SERIOUS

CONSEQUENCES.

YOU SHOULD VIEW THE FACTS AS THEY APPEARED AT THE TIME OF

ENTRY FROM THE POINT OF VIEW OF A REASONABLE EXPERIENCED OFFICER

AND WHETHER THOSE FACTS WOULD HAVE CAUSED THE OFFICER TO BELIEVE

THAT THERE WAS AN URGENT NEED TO RENDER AID OR TAKE ACTION,

INCLUDING DANGER TO POLICE OR OTHER PERSONS INSIDE OR OUTSIDE

THE DWELLING. THIS STANDARD DOES NOT PERMIT YOU TO EVALUATE THE

REASONABLENESS OF THE OFFICER'S BELIEF ON THE BASIS OF

HINDSIGHT.

UNDER THE LAW, THERE ARE SIX ILLUSTRATIVE, BUT NOT

EXHAUSTIVE, GUIDES TO AID YOU IN DETERMINING THE NEED FOR QUICK

ACTION:

- THE GRAVITY OR VIOLENT NATURE OF THE OFFENSE WITH

  WHICH THE SUSPECT IS TO BE CHARGED;

33

- WHETHER THE SUSPECT IS REASONABLY BELIEVED TO BE
  ARMED;

- A CLEAR SHOWING OF PROBABLE CAUSE TO BELIEVE THAT THE
  SUSPECT COMMITTED THE CRIME;

- STRONG REASON TO BELIEVE THAT THE SUSPECT IS IN THE
  PREMISES BEING ENTERED;

- A LIKELIHOOD THAT THE SUSPECT WILL ESCAPE IF NOT
  SWIFTLY APPREHENDED; AND

- THE PEACEFUL CIRCUMSTANCES OF THE ENTRY.

YOU ARE BEING ASKED WHETHER THE OFFICERS' ENTRY INTO THE

HOUSE TO ARREST MR. PARKS WAS UNREASONABLE BASED ON ALL THE

FACTS THEN KNOWN TO THE POLICE OFFICERS AND THE REASONABLE

INFERENCES TO BE DRAWN FROM THOSE FACTS.

THE BURDEN IS ON THE PLAINTIFF TO PROVE BY A PREPONDERANCE

OF THE EVIDENCE THAT THE DEFENDANTS' ENTRY INTO PLAINTIFF'S HOME

WAS UNREASONABLE AND THEREFORE UNCONSTITUTIONAL.

**LAWS GOVERNING THE CONDUCT OF POLICE OFFICERS**

DURING THE TRIAL YOU HEARD TESTIMONY ABOUT THE ACTIONS OF

THE DEFENDANTS AND OTHER POLICE OFFICERS. I AM PROVIDING YOU

WITH A SUMMARY OF THE ESTABLISHED LAW GOVERNING THE CONDUCT OF

POLICE OFFICERS WHICH YOU MAY FIND HELPFUL IN CONSIDERING THE

MATTERS YOU MUST DECIDE.

YOU HAVE HEARD REFERENCE TO SEARCH WARRANTS, SEIZURE

WARRANTS AND ARREST WARRNTS. A WARRANT IS WRITTEN AUTHORIZATION

FROM A JUDGE TO SEARCH A PARTICULAR PREMISES OR SEIZE PARTICULAR

PROPERTY OR TO ARREST A SUSPECT. A POLICE OFFICER OBTAINS A

WARRANT BY PREPARING A WRITTEN STATEMENT UNDER OATH CONTAINING

INFORMATION ESTABLISHING PROBABLE CAUSE TO BELIEVE THAT A CRIME

HAS BEEN COMMITTED BY THE PERSON TO BE ARRESTED, OR THAT

EVIDENCE OF A CRIME WILL BE FOUND IN THE PLACE TO BE SEARCHED.

THE POLICE OFFICER TAKES THE WRITTEN STATEMENT TO THE JUDGE,

SWEARS TO ITS TRUTH, AND ASKS THE JUDGE TO FIND PROBABLE CAUSE

AND ISSUE A WARRANT. OUR LAW HAS A PREFERENCE FOR WARRANTS WHERE

PRACTICAL. HOWEVER, THERE ARE MANY CIRCUMSTANCES WHERE POLICE

ARE INVESTIGATING CRIMES OR ENFORCING THE LAW OR GUARDING PUBLIC

SAFETY IN SITUATIONS WHERE THEY DO NOT HAVE TIME TO OBTAIN A

WARRANT BEFORE THEY MAKE AN ARREST OR CONDUCT A SEARCH. THE LAW

RECOGNIZES EXCEPTIONS TO THE WARRANT REQUIREMENT, INCLUDING AN

EXCEPTION FOR WHAT ARE CALLED "EXIGENT CIRCUMSTANCES."

CIRCUMSTANCES QUALIFY AS EXIGENT WHEN, AMONG OTHER THINGS, THERE

IS AN IMMINENT RISK OF DEATH OR SERIOUS INJURY OR DANGER THT

EVIDENCE WILL BE IMMEDIATELY DESTROYED OR THAT A SUSPECT WILL

ESCAPE.

A POLICE OFFICER MAY ENTER PRIVATE PROPERTY WITHOUT A

SEARCH WARRANT AND MAY CONDUCT A FULL SEARCH OF THAT PROPERTY

WITHOUT A SEARCH WARRANT WHERE THE OFFICER REASONABLY BELIEVES

THAT THE SAFETY OF THE LAW ENFORCEMENT OFFICERS OR A MEMBER OF

THE GENERAL PUBLIC IS THREATENED. THE POLICE MAY ALSO SEARCH

WITHOUT A WARRANT PLACES WHERE THEY REASONABLY BELIEVE

INHERENTLY DANGEROUS ITEMS ARE PRESENT IF IT IS NOT PRACTICAL TO

OBTAIN A WARRANT BECAUSE THE DANGER IS IMMEDIATE.

IN REVIEWING POLICE CONDUCT, YOU MUST ALWAYS CONSIDER

WHETHER THE POLICE ARE ACTING IN A SWIFTLY DEVELOPING SITUATION

AND NOT INDULGE IN UNREALISTIC SECOND-GUESSING OF THE ON-THE-

SPOT CHOICES AND DECISIONS THEY MAKE.

YOUR RESPONSIBILITY IS TO DECIDE WHETHER THE OFFICERS

UNREASONABLY ENTERED MR. PARKS' HOME. IF THEIR ACTIONS WERE

LAWFUL, YOU SHOULD FIND FOR THEM.  IF THEIR ACTIONS VIOLATED MR.

PARKS' CONSTITUTIONAL RIGHTS, YOU SHOULD SAY SO.

**EXCESSIVE FORCE**

MR. PARKS ALSO BRINGS A §1983 CLAIM AGAINST DEFENDANT TODD

LYNCH, CONTENDING THAT OFFICER LYNCH DEPRIVED MR. PARKS OF A

FEDERAL RIGHT BY INTENTIONALLY OR RECKLESSLY USING EXCESSIVE

FORCE AGAINST HIM.

MR. PARKS, LIKE ANY CITIZEN, HAD THE RIGHT NOT TO BE

SUBJECTED TO EXCESSIVE OR UNREASONABLE FORCE WHILE HE WAS IN THE

CUSTODY OF A POLICE OFFICER.  THIS RIGHT IS GUARANTEED TO ALL OF

US BY THE CONSTITUTION AND LAWS OF THE UNITED STATES.

YOU SHOULD FIRST UNDERSTAND THAT A POLICE OFFICER MAY USE

FORCE, OR SOME DEGREE OF PHYSICAL COERCION OR THE THREAT OF IT,

UPON ANOTHER PERSON IF SUCH FORCE IS NECESSARY TO EFFECT A

LAWFUL ARREST, OR TO DEFEND THE OFFICER, A FELLOW OFFICER, OR A

THIRD PERSON FROM THE USE OF IMMINENT PHYSICAL FORCE.  HOWEVER,

A POLICE OFFICER MAY NOT USE FORCE BEYOND THAT NECESSARY TO

ACCOMPLISH HIS LAWFUL PURPOSE.

IN THIS CASE, JURORS, YOU MUST DETERMINE WHAT FORCE, IF

39

ANY, WAS IN FACT USED AGAINST MR. PARKS BY DEFENDANT LYNCH, AND

WHETHER SUCH FORCE WAS UNREASONABLE OR EXCESSIVE, GIVEN ALL THE

CIRCUMSTANCES.  IF YOU FIND FORCE WAS USED, IN CONSIDERING

WHETHER OR NOT SUCH FORCE WAS UNREASONABLE AND EXCESSIVE, YOU

MUST VIEW THE FORCE USED FROM THE PERSPECTIVE OF A REASONABLE

POLICE OFFICER ON THE SCENE AT THE TIME OF THE INCIDENT, RATHER

THAN WITH THE 20/20 VISION OF HINDSIGHT.  THE REASONABLENESS OF

THE OFFICER'S ACTIONS AND CONDUCT IS TO BE DETERMINED BASED ONLY

UPON THAT INFORMATION HE POSSESSED AT THE TIME HE ACTED.

BECAUSE THE TEST OF REASONABLENESS IS NOT CAPABLE OF PRECISE

DEFINITION OR MECHANICAL APPLICATION, YOU MUST PAY CAREFUL

ATTENTION TO ALL THE FACTS AND CIRCUMSTANCES OF THIS PARTICULAR

CASE, INCLUDING THE NEED FOR THE APPLICATION OF FORCE, THE

RELATIONSHIP BETWEEN THAT NEED AND THE AMOUNT OF FORCE ACTUALLY

USED, AND THE EXTENT OF ANY INJURY INFLICTED.

THE CONSTITUTIONAL VIOLATION WHICH MR. PARKS HAS ALLEGED

AGAINST DEFENDANT LYNCH IS THAT DEFENDANT INTENTIONALLY OR

RECKLESSLY USED EXCESSIVE FORCE WHILE THE PLAINTIFF WAS IN

POLICE CUSTODY. IT IS NOT SUFFICIENT THAT THE DEFENDANT ACTED

NEGLIGENTLY. AGAIN, YOU MUST DETERMINE WHETHER MR. PARKS HAS

PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT OFFICER LYNCH

USED EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT.

**SECTION 1983: STATE OF MIND**

IN ORDER TO FIND IN FAVOR OF THE PLAINTIFF, YOU MUST FIND

THAT A DEFENDANT INTENDED THE ACTIONS WHICH RESULTED IN THE

VIOLATION OF THE PLAINTIFF'S RIGHTS OR THAT A DEFENDANT ACTED IN

RECKLESS DISREGARD OF THE PLAINTIFF'S RIGHTS. RECKLESS DISREGARD

OF THE PLAINTIFF'S RIGHTS SIMPLY MEANS NOT CARING WHETHER OR NOT

THOSE RIGHTS WERE BEING VIOLATED.  I REPEAT, TO VIOLATE THE

CONSTITUTION, AN ACT MUST BE INTENTIONAL OR RECKLESS.  MERELY

NEGLIGENT CONDUCT IS INSUFFICIENT TO GIVE RISE TO A

CONSTITUTIONAL VIOLATION UNDER SECTION 1983.  NEGLIGENCE

INVOLVES A LACK OF DUE CARE.

(A)  <u>INTENTIONAL</u>

AN ACT IS INTENTIONAL IF IT IS DONE KNOWINGLY, THAT IS, IF

IT IS DONE VOLUNTARILY AND DELIBERATELY AND NOT BECAUSE OF

MISTAKE, ACCIDENT, NEGLIGENCE, OR OTHER INNOCENT REASON.  IN

DETERMINING WHETHER A DEFENDANT ACTED WITH THE REQUISITE

KNOWLEDGE, YOU SHOULD REMEMBER THAT WHILE WITNESSES MAY SEE AND

42

HEAR AND BE ABLE TO GIVE DIRECT EVIDENCE OF WHAT A PERSON DOES

OR FAILS TO DO, THERE IS NO WAY OF LOOKING INTO A PERSON'S MIND.

THEREFORE, YOU HAVE TO DEPEND ON WHAT WAS DONE AND WHAT THE

PEOPLE INVOLVED SAID WAS IN THEIR MINDS AND YOUR BELIEF OR

DISBELIEF WITH RESPECT TO THOSE FACTS.

    (B)  RECKLESSNESS

AN ACT IS RECKLESS IF DONE IN CONSCIOUS DISREGARD OF ITS

KNOWN PROBABLE CONSEQUENCES.  IN DETERMINING WHETHER A DEFENDANT

ACTED WITH THE REQUISITE RECKLESSNESS, YOU SHOULD REMEMBER THAT

WHILE WITNESSES MAY SEE AND HEAR AND BE ABLE TO GIVE DIRECT

EVIDENCE OF WHAT A PERSON DOES OR FAILS TO DO, THERE IS NO WAY

OF LOOKING INTO A PERSON'S MIND.  THEREFORE, YOU HAVE TO DEPEND

ON WHAT WAS DONE AND WHAT THE PEOPLE INVOLVED SAID WAS IN THEIR

MINDS AND YOUR BELIEF OR DISBELIEF WITH RESPECT TO THOSE FACTS.

YOU SHOULD BE AWARE THAT IT IS NOT NECESSARY TO FIND THAT A

DEFENDANT HAD A SPECIFIC INTENT TO DEPRIVE PLAINTIFF OF ANY OF

HIS CIVIL RIGHTS.   RATHER, PLAINTIFF IS ENTITLED TO RELIEF IF A

DEFENDANT INTENDED THE ACTIONS WHICH RESULT IN A VIOLATION OF

PLAINTIFF'S CONSTITUTIONAL RIGHTS.

## SECTION 1983: THIRD ELEMENT--PROXIMATE CAUSE

THE THIRD ELEMENT WHICH PLAINTIFF MUST PROVE TO PREVAIL ON
A SECTION 1983 CLAIM IS THAT A DEFENDANT'S ACTS WERE A
"PROXIMATE CAUSE" OF THE INJURIES THE PLAINTIFF SUSTAINED.
PROXIMATE CAUSE MEANS THAT THERE MUST BE A SUFFICIENT CAUSAL
CONNECTION BETWEEN THE ACT OR OMISSION OF A DEFENDANT AND ANY
INJURY OR DAMAGE SUSTAINED BY THE PLAINTIFF.  AN ACT OR OMISSION
IS A PROXIMATE CAUSE IF IT WAS A SUBSTANTIAL FACTOR IN BRINGING
ABOUT OR ACTUALLY CAUSING INJURY, THAT IS, IF THE INJURY OR
DAMAGE WAS A REASONABLY FORESEEABLE CONSEQUENCE OF ANY
DEFENDANT'S ACT OR OMISSION.  IF AN INJURY WAS A DIRECT RESULT
OR A REASONABLY PROBABLE CONSEQUENCE OF A DEFENDANT'S ACT OR
OMISSION, IT WAS PROXIMATELY CAUSED BY SUCH AN ACT OR OMISSION.
IN OTHER WORDS, IF A DEFENDANT'S ACT OR OMISSION HAD SUCH AN
EFFECT IN PRODUCING THE INJURY THAT REASONABLE PERSONS WOULD
REGARD IT AS BEING A CAUSE OF THE INJURY, THEN THE ACT OR

OMISSION IS A PROXIMATE CAUSE.

IN ORDER TO RECOVER DAMAGES FOR ANY INJURY, THE PLAINTIFF

MUST SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT SUCH INJURY

WOULD NOT HAVE OCCURRED WITHOUT THE CONDUCT OF THE DEFENDANT.

IF YOU FIND THAT THE PLAINTIFF COMPLAINS ABOUT AN INJURY WHICH

WOULD HAVE OCCURRED EVEN IN THE ABSENCE OF THE DEFENDANT'S

CONDUCT, YOU MUST FIND THAT THE DEFENDANT DID NOT PROXIMATELY

CAUSE THE PLAINTIFF'S INJURY.

I CAUTION YOU THAT WHEN I USE THE WORK "INJURY" IN THIS

INSTRUCTION, I DO NOT MEAN A PHYSICAL INJURY.  THE VIOLATION OF

A CONSTITUTIONAL RIGHT IS IN ITSELF AN INJURY THAT THE LAW

RECOGNIZES.

**JOINT LIABILITY**

REMEMBER THAT IN THIS CASE YOU ARE CONSIDERING THE

PLAINTIFF'S CLAIM AGAINST EACH OF THE DEFENDANTS.  YOU MUST

CONSIDER THE CASE AGAINST EACH DEFENDANT SEPARATELY.  THE

ACTIONS ARE BEING TRIED TOGETHER SIMPLY FOR CONVENIENCE, AND TO

SAVE THE EXPENSE OF ADDITIONAL TRIALS IN WHICH THE EVIDENCE AND

WITNESSES WOULD BE MUCH THE SAME.

YOU MUST DECIDE THE CASE AGAINST EACH DEFENDANT SEPARATELY,

AND MUST NOT LET YOUR DECISIONS ON CLAIMS AGAINST ONE DEFENDANT

AFFECT YOUR DECISIONS CONCERNING THE OTHERS.  WHILE THE EVIDENCE

MAY IN WHOLE OR IN PART BE CONSIDERED BY YOU TO BE RELEVANT AND

MATERIAL TO THE QUESTION OF MORE THAN ONE DEFENDANT'S LIABILITY,

YOU MUST DECIDE EACH CLAIM OF LIABILITY SEPARATELY BASED ON THE

EVIDENCE.

IN THIS REGARD, YOU MUST REMEMBER THAT A POLICE OFFICER CAN

BE FOUND LIABLE FOR A VIOLATION OF A CONSTITUTIONAL RIGHT ONLY

IF YOU FIND THAT THE OFFICER HAS BEEN IDENTIFIED AS PERSONALLY

VIOLATING A CONSTITUTIONAL RIGHT OF THE PLAINTIFF.

HOWEVER, IF YOU FIND THAT THE TWO DEFENDANTS UNITED IN AN

ACT WHICH CONSTITUTED A WRONG TO THE PLAINTIFF, INTENDING AT THE

TIME TO COMMIT IT, OR IN DOING IT UNDER CIRCUMSTANCES WHICH

FAIRLY CHARGE THEM WITH INTENDING THE WRONGFUL CONSEQUENCES THAT

FOLLOW, THE DEFENDANTS INCUR A JOINT AND SEVERAL LIABILITY FOR

THE ACTS OF EACH.  IN OTHER WORDS, EACH PERSON WHO ACTIVELY

PARTICIPATES IN A TORTIOUS ACT, BY COOPERATION OR REQUEST, OR

WHO LENDS AID TO THE WRONGDOER, OR ADOPTS HIS ACTS, IS EQUALLY

LIABLE WITH THE WRONGDOER.  I WILL EXPLAIN THIS FURTHER IN A

MOMENT.

THE LAW DOES NOT REQUIRE THE PLAINTIFF TO PROVE HOW MUCH OF

HIS ALLEGED INJURIES WERE DONE BY ONE DEFENDANT OR THE OTHER.

ALL THOSE WHO ACTIVELY PARTICIPATE IN A WRONGFUL ACT, BY

COOPERATION OR REQUEST, OR WHO LEND AID OR ENCOURAGEMENT TO THE

WRONGDOER, OR WHO RATIFY AND ADOPT HIS ACTS FOR THEIR OWN, ARE

LIABLE.  SPECIFIC AGREEMENT AMONG THE DEFENDANTS IS NOT

NECESSARY.  ALL THAT IS REQUIRED IS THAT THERE SHOULD BE A

COMMON DESIGN OR UNDERSTANDING, EVEN THOUGH IT BE A TACIT ONE.

NOW, I ALSO INSTRUCT YOU THAT, UNDER THE LAW, IF ONE POLICE

OFFICER VIOLATES THE CONSTITUTIONAL RIGHTS OF A PERSON, AND A

SECOND POLICE OFFICER IN ANY FASHION KNOWINGLY PARTICIPATES OR

ASSISTS IN THE CONDUCT THAT CONSTITUTES THE VIOLATION, BOTH

OFFICERS ARE EQUALLY LIABLE FOR THE VIOLATION. SUCH

PARTICIPATION OR ASSISTANCE INCLUDES THE FAILURE TO INTERVENE TO

PREVENT THE OFFENDING OFFICER FROM VIOLATING THE PLAINTIFF'S

RIGHTS.  IN OTHER WORDS, A POLICE OFFICER HAS A DUTY TO

INTERVENE TO PREVENT THE VIOLATION OF A PERSON'S RIGHTS IF THE

OFFICER KNOWS OF A SPECIFIC OR OBVIOUS VIOLATION.  THE OFFICER

FAILING TO INTERVENE, HOWEVER, MUST HAVE A REALISTIC OPPORTUNITY

TO PREVENT THE VIOLATION BEFORE YOU MAY HOLD HIM RESPONSIBLE FOR

HIS FAILURE TO INTERVENE.

THUS, IF YOU CONCLUDE THAT ONE OF THE DEFENDANTS UNLAWFULLY INJURED THE PLAINTIFF BY VIOLATING ONE OR MORE OF HIS CONSTITUTIONAL RIGHTS AND YOU ALSO FIND THAT ANOTHER DEFENDANT PARTICIPATED OR ASSISTED IN THE CONDUCT OR FAILED TO INTERVENE TO PREVENT KNOWN OR OBVIOUS CONDUCT, HAVING A REALISTIC OPPORTUNITY TO DO SO, THEN YOU MUST FIND THAT THE OTHER DEFENDANT ALSO VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

SPECIFICALLY, IF YOU CONCLUDE THAT AT LEAST ONE OF THE DEFENDANTS UNLAWFULLY ENTERED MR. PARKS' HOME AND YOU ALSO FIND THAT ANOTHER DEFENDANT PARTICIPATED OR ASSISTED IN THE CONDUCT, OR FAILED TO INTERVENE TO PREVENT IT, HAVING A REALISTIC OPPORTUNITY TO DO SO, THEN YOU MUST FIND THAT THE OTHER DEFENDANT ALSO VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

YOU MUST DECIDE MR. PARKS' CLAIMS THAT OFFICERS LYNCH AND JACOBSON UNLAWFULLY ENTERED HIS HOME AND THAT LT. SEGAR FAILED

TO INTERVENE TO PREVENT THE CONSTITUTIONAL VIOLATION.

ADDITIONALLY, YOU MUST DECIDE MR. PARKS' CLAIM THAT OFFICER

LYNCH USED EXCESSIVE FORCE AGAINST HIM WHILE HE WAS IN POLICE

CUSTODY.

**SECTION 1983-ELEMENTS REVIEWED**

TO SUMMARIZE, THERE ARE THREE ELEMENTS THAT MR. PARKS MUST

PROVE, BY A PREPONDERANCE OF THE EVIDENCE, TO PREVAIL ON HIS

SECTION 1983 CLAIMS.

FIRST, THE OFFICER YOU ARE CONSIDERING ACTED UNDER COLOR OF

STATE LAW (THIS IS AGREED, SEE PAGE 23);

SECOND, THE OFFICER YOU ARE CONSIDERING VIOLATED MR. PARKS'

FOURTH AMENDMENT RIGHTS. (SEE PAGE 24); AND

THIRD, THE OFFICER'S ACTS WERE A PROXIMATE CAUSE OF INJURY

TO MR. PARKS. (SEE PAGE 39).

**DAMAGES:  INTRODUCTION**


IF YOU DETERMINE THAT ANY DEFENDANT IS LIABLE TO THE

PLAINTIFF FOR AN UNCONSTITUTIONAL ENTRY INTO THE PARKS' HOME

AND/OR OFFICER LYNCH IS LIABLE TO PLAINTIFF FOR EMPLOYING

EXCESSIVE FORCE,  THEN -- AND ONLY THEN -- SHOULD YOU CONSIDER

DAMAGES.

THE OBJECT OF A DAMAGE AWARD IS TO PLACE THE INJURED PARTY,

AS NEAR AS MAY BE POSSIBLE, IN THE SITUATION HE WOULD HAVE

OCCUPIED IF THE WRONG HAD NOT BEEN COMMITTED. AS WITH THE OTHER

ELEMENTS OF THIS CAUSE OF ACTION, THE BURDEN IS ON THE PLAINTIFF

TO PROVE THE NATURE AND EXTENT OF HIS DAMAGES BY A PREPONDERANCE

OF THE EVIDENCE.  DAMAGES ARE NOT A SUBJECT FOR SPECULATION.

WITHIN THE GUIDELINES OF THESE INSTRUCTIONS, THE AMOUNT TO BE

AWARDED RESTS LARGELY IN YOUR SOUND DISCRETION.

HOWEVER, I CAUTION YOU THAT IF YOU FIND A CONSTITUTIONAL

VIOLATION TO HAVE OCCURRED, YOU WILL BE ASSESSING DAMAGES ONLY

FOR THAT CONSTITUTIONAL VIOLATION.

**COMPENSATORY DAMAGES**

I HAVE SAID THAT, IF YOU FIND FOR THE PLAINTIFF, YOU MUST

AWARD HIM SUCH SUM OF MONEY AS YOU BELIEVE WILL FAIRLY AND

JUSTLY COMPENSATE HIM FOR ANY INJURY YOU FIND BY A PREPONDERANCE

OF THE EVIDENCE THAT HE ACTUALLY SUSTAINED AS A DIRECT RESULT OF

THE UNCONSTITUTIONAL CONDUCT OF A DEFENDANT OR DEFENDANTS.

AMONG THE ELEMENTS OF INJURY AND HARM WHICH YOU MAY

CONSIDER ARE:

FIRST, ANY PHYSICAL HARM TO THE PLAINTIFF, INCLUDING ANY

ILL HEALTH, PHYSICAL PAIN, DISABILITY, DISCOMFORT, PAIN, OR

SUFFERING THAT YOU FIND THE PLAINTIFF EXPERIENCED AS A RESULT OF

DEFENDANTS' UNCONSTITUTIONAL CONDUCT; AND

SECOND, ANY EMOTIONAL HARM TO THE PLAINTIFF, INCLUDING ANY

EMOTIONAL DISTRESS OR PAIN, HUMILIATION, PERSONAL INDIGNITY,

EMBARRASSMENT, FEAR, ANXIETY, OR ANGUISH WHICH THE PLAINTIFF HAS

SUFFERED AS A RESULT OF DEFENDANTS' UNCONSTITUTIONAL CONDUCT.

YOU SHOULD BASE YOUR DETERMINATION ON THE EVIDENCE IN THE

CASE AND ANY REASONABLE INFERENCES YOU CHOOSE TO DRAW FROM THE

EVIDENCE.

**CAUSATION AND DAMAGES**

I HAVE SAID THAT YOU MAY AWARD DAMAGES ONLY FOR THOSE

INJURIES WHICH YOU FIND THE PLAINTIFF HAS PROVEN BY A

PREPONDERANCE OF EVIDENCE TO HAVE BEEN THE DIRECT RESULT OF A

DEFENDANT'S CONDUCT IN VIOLATING PLAINTIFF'S CONSTITUTIONAL

RIGHTS. YOU MUST DISTINGUISH BETWEEN, ON THE ONE HAND, THE

EXISTENCE OF A VIOLATION OF THE PLAINTIFF'S RIGHTS AND, ON THE

OTHER HAND, THE EXISTENCE OF INJURIES NATURALLY RESULTING FROM

THAT VIOLATION. THUS, EVEN IF YOU FIND THAT ONE OR MORE

DEFENDANT DEPRIVED THE PLAINTIFF OF HIS RIGHTS IN VIOLATION OF

SECTION 1983, YOU MUST ASK WHETHER THE PLAINTIFF HAS PROVEN BY A

PREPONDERANCE OF THE EVIDENCE THAT THE DEPRIVATION CAUSED DAMAGES THAT HE CLAIMS TO HAVE SUFFERED.

THE VERDICT FORM PROVIDES SPACE FOR YOU TO AWARD DAMAGES SEPARATELY FOR THE CLAIM OF UNREASONABLE ENTRY AND FOR THE CLAIM OF EXCESSIVE FORCE. WHERE MORE THAN ONE DEFENDANT IS LIABLE FOR A CONSTITUTIONAL VIOLATION, THE LAW DOES NOT REQUIRE THAT YOU DETERMINE HOW MUCH OF THE DAMAGES WERE CAUSED BY EACH DEFENDANT.

MR. PARKS IS ONLY ALLOWED TO RECOVER FOR DAMAGES THAT YOU FIND WERE PROXIMATELY CAUSED BY THE CONSTITUTIONAL VIOLATION HE SUFFERED. HERE THE ALLEGED CONSTITUTIONAL VIOLATIONS ARE THE WARRANTLESS ENTRY AND EXCESSIVE FORCE. FOR EXAMPLE, THE ARREST OF MR. PARKS WAS LAWFUL. THEREFORE, YOU MAY NOT AWARD DAMAGES FOR ANY INJURIES SUFFERED BY MR. PARKS WHICH WERE CAUSED BY HIS ARREST, HIS PROSECUTION, OR HIS SUBSEQUENT INCARCERATION OR HOSPITALIZATION.

**NOMINAL DAMAGES**

IF A DEFENDANT IS LIABLE TO THE PLAINTIFF ON A

CONSTITUTIONAL CLAIM, BUT YOU FIND THAT THE PLAINTIFF HAS FAILED

TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE VIOLATION

CAUSED ANY ACTUAL DAMAGES, THEN YOU MAY RETURN AN AWARD OF

NOMINAL DAMAGES NOT TO EXCEED THE SUM OF ONE DOLLAR.

NOMINAL DAMAGES MAY BE AWARDED WHEN A PLAINTIFF HAS BEEN

DEPRIVED BY A DEFENDANT OF A CONSTITUTIONAL RIGHT BUT HAS

SUFFERED NO ACTUAL DAMAGE AS A NATURAL CONSEQUENCE OF THAT

DEPRIVATION.  THE MERE FACT THAT A CONSTITUTIONAL DEPRIVATION

OCCURRED IS CONSIDERED AN INJURY TO THE PERSON ENTITLED TO ENJOY

THAT RIGHT, EVEN WHEN NO ACTUAL DAMAGES FLOW FROM THE

DEPRIVATION.  THEREFORE, IF YOU FIND THAT THE PLAINTIFF HAS

SUFFERED NO INJURY AS A RESULT OF A DEFENDANT'S CONDUCT OTHER

THAN THE FACT OF A CONSTITUTIONAL DEPRIVATION, YOU MAY AWARD

NOMINAL DAMAGES NOT TO EXCEED ONE DOLLAR.

**PUNITIVE DAMAGES**

IF YOU FIND LIABILITY AND AWARD THE PLAINTIFF EITHER ACTUAL

OR NOMINAL DAMAGES ON EITHER OF HIS CONSTITUTIONAL CLAIMS, THEN

YOU MAY ALSO MAKE HIM A SEPARATE AND ADDITIONAL AWARD OF

EXEMPLARY OR PUNITIVE DAMAGES ON THAT CLAIM, PROVIDED THE LEGAL

REQUIREMENTS FOR PUNITIVE DAMAGES ARE MET.

**PUNITIVE DAMAGES**

IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE

DEFENDANT UNDER CONSIDERATION ACTED WITH MALICIOUS INTENT TO

VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS OR UNLAWFULLY

INJURE HIM, OR IF YOU FIND THAT A DEFENDANT ACTED WITH A CALLOUS

OR RECKLESS DISREGARD OF THE PLAINTIFF'S RIGHTS, THEN YOU MAY

AWARD PUNITIVE DAMAGES.  AN AWARD OF PUNITIVE DAMAGES, HOWEVER,

IS DISCRETIONARY; THAT IS, IF YOU FIND THAT LEGAL REQUIREMENTS

FOR PUNITIVE DAMAGES ARE SATISFIED, THEN YOU MAY DECIDE TO AWARD

PUNITIVE DAMAGES, OR YOU MAY DECIDE NOT TO AWARD THEM.  IT'S UP

TO YOU.

IN MAKING THIS DECISION, YOU SHOULD CONSIDER THE UNDERLYING

PURPOSE OF PUNITIVE DAMAGES.  PUNITIVE DAMAGES ARE AWARDED IN

THE JURY'S DISCRETION TO PUNISH A DEFENDANT FOR OUTRAGEOUS

CONDUCT OR TO DETER HIM AND OTHERS LIKE HIM FROM SIMILAR CONDUCT

IN THE FUTURE.  THUS, IN DECIDING WHETHER TO AWARD PUNITIVE

DAMAGES, YOU SHOULD CONSIDER WHETHER THE DEFENDANT YOU ARE

CONSIDERING MAY BE ADEQUATELY PUNISHED BY AN AWARD OF ACTUAL

DAMAGES ONLY, OR WHETHER THE CONDUCT IS SO EXTREME AND

OUTRAGEOUS THAT ACTUAL DAMAGES ARE INADEQUATE TO PUNISH THE

WRONGFUL CONDUCT.  YOU SHOULD ALSO CONSIDER WHETHER ACTUAL

DAMAGES STANDING ALONE ARE LIKELY TO DETER OR PREVENT A

DEFENDANT FROM AGAIN PERFORMING ANY WRONGFUL ACTS HE MAY HAVE

PERFORMED, OR WHETHER PUNITIVE DAMAGES ARE NECESSARY TO PROVIDE

DETERRENCE.  FINALLY, YOU SHOULD CONSIDER WHETHER PUNITIVE

DAMAGES ARE LIKELY TO DETER OR PREVENT OTHER PERSONS FROM

PERFORMING WRONGFUL ACTS SIMILAR TO THOSE THE DEFENDANT MAY HAVE

COMMITTED.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THESE SAME

PURPOSES SHOULD BE CONSIDERED BY YOU IN DETERMINING THE

APPROPRIATE SUM OF MONEY TO BE AWARDED AS PUNITIVE DAMAGES.

THAT IS, IN FIXING THE SUM TO BE AWARDED, YOU SHOULD CONSIDER

THE DEGREE TO WHICH A DEFENDANT SHOULD BE PUNISHED FOR HIS

WRONGFUL CONDUCT, AND THE DEGREE TO WHICH AN AWARD OF ONE SUM OR

ANOTHER WILL DETER THE DEFENDANT OR PERSONS LIKE HIM FROM

COMMITTING WRONGFUL ACTS IN THE FUTURE.

SUCH PUNITIVE DAMAGES MAY BE AWARDED EVEN IN THE ABSENCE OF

ACTUAL DAMAGES; THEIR AMOUNT NEED NOT BE BASED ON THE AMOUNT OF

ANY COMPENSATORY DAMAGES.

IN THIS CASE, IF YOU FIND A DEFENDANT LIABLE TO PLAINTIFF

FOR A VIOLATION OF HIS CONSTITUTIONAL RIGHTS, YOU MUST CONSIDER

THE QUESTION OF PUNITIVE DAMAGES FOR EACH DEFENDANT OFFICER YOU

FIND LIABLE.

**NOTE TAKING**

YOU WERE PERMITTED TO TAKE NOTES DURING THE COURSE OF THE

TRIAL.  IF YOU TOOK ANY NOTES, THOSE NOTES SHOULD BE USED ONLY

AS MEMORY AIDS.  YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER

YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE.  IF YOU DID NOT

TAKE NOTES, YOU SHOULD RELY ON YOUR OWN INDEPENDENT RECOLLECTION

OF THE PROCEEDINGS AND SHOULD NOT BE INFLUENCED BY THE NOTES OF

OTHER JURORS.  I EMPHASIZE THAT NOTES ARE NOT ENTITLED TO ANY

GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR

AS TO WHAT THE TESTIMONY MAY HAVE BEEN.

## ACCESS TO TESTIMONY

ALL THE TRIAL TESTIMONY HAS BEEN RECORDED BY THE COURT

REPORTER.  THERE ARE NO TRANSCRIPTS OF THE TESTIMONY AVAILABLE

FOR YOUR USE.  IF, DURING YOUR DELIBERATIONS, YOU WISH TO REVIEW

ANY TESTIMONY, YOU NEED TO MAKE A REQUEST IN WRITING THROUGH

YOUR FOREPERSON.  PLEASE MAKE THE REQUEST AS SPECIFIC AS YOU CAN

AS TO WITNESS AND/OR SUBJECT MATTER.  THE LAWYERS AND I WILL DO

OUR BEST TO LOCATE THE PORTIONS OF THE TESTIMONY YOU TELL US YOU

NEED, AND IT WILL BE REREAD TO YOU IN THE COURTROOM.

IF YOU WISH TO HEAR THE RECORDING OF THE TELEPHONE CALL,

THAT ALSO WILL BE REPLAYED FOR YOU IN THE COURTROOM.

## USE OF THE VERDICT FORM

TO ASSIST YOU IN KEEPING THE DIFFERENT ASPECTS OF THE CASE CLEAR, I AM GOING TO ASK YOU, WHILE YOU HAVE CONSIDERED YOUR DECISIONS, TO ANSWER A SERIES OF VERY SPECIFIC QUESTIONS TYPED ON A FORM THAT WILL BE GIVEN TO YOU.

EACH QUESTION CAN BE ANSWERED SIMPLY, AND EACH ANSWER MUST BE UNANIMOUS. BY DEALING WITH THESE SEPARATE QUESTIONS, YOU WILL BE ABLE TO APPLY THE RULES OF LAW RELEVANT TO THIS CASE. OF COURSE, YOU SHOULD NOT CONCLUDE FROM THE NUMBER OR THE WORDING OF ANY QUESTION THAT THERE IS A PARTICULAR ANSWER YOU OUGHT TO GIVE. NOR SHOULD YOU CONCLUDE THAT YOU OUGHT TO ANSWER ALL THE QUESTIONS ONE WAY OR THE OTHER WAY. GIVE SEPARATE CONSIDERATION TO EACH QUESTION AND ANSWER IT ACCORDING TO THE FACTS YOU HAVE FOUND AND THE RULES OF LAW THAT APPLY TO THAT QUESTION.

**CONCLUSION**

WHILE IT IS THE DUTY OF THE JURORS TO CONFER AND DELIBERATE WITH ONE ANOTHER, BEFORE ARRIVING AT A VERDICT, NEVERTHELESS, IF ANY JUROR AFTER SUCH DELIBERATION CONSCIENTIOUSLY REACHES A DECISION ON THE FACTS, THAT JUROR HAS NO RIGHT TO SURRENDER HIS OR HER DECISION TO THE DECISION OF THE MAJORITY, IF THE JUROR BELIEVES THAT HIS OR HER DECISION IS CORRECT.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR OWN INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF.  YOU SHOULD NOT SURRENDER

YOUR HONEST CONVICTION AS TO THE WEIGHT AND EFFECT OF EVIDENCE

SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE

MERE PURPOSE OF RETURNING A VERDICT.

YOU ARE NOT PARTISANS.  YOU ARE THE JUDGES OF THE FACTS.

YOUR SOLE INTEREST IS TO ASCERTAIN THE TRUTH FROM THE EVIDENCE

IN THE CASE.

YOU WILL HAVE WITH YOU IN THE JURY ROOM ALL OF THE EXHIBITS, A COPY OF THESE INSTRUCTIONS, AND THE VERDICT FORM.   YOU MAY NOTICE THAT THE WRITTEN COPY OF THE INSTRUCTIONS IS DIVIDED BY HEADINGS WHICH I DID NOT READ TO YOU.   THESE HEADINGS HAVE NO SIGNIFICANCE EXCEPT TO IDENTIFY THE TOPICS SO THAT WE CAN FIND THEM IN REFERENCE BOOKS AND ON THE COMPUTER.   PAY NO ATTENTION TO THEM.

WHEN YOU RETIRE TO YOUR JURY ROOM, YOU WILL ELECT ONE OF YOUR OWN MEMBERS AS FOREPERSON, AND THAT PERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

IF YOU HAVE ANY QUESTIONS YOU WISH TO ASK DURING DELIBERATIONS, DO SO BY A WRITTEN NOTE, SIGNED BY YOUR FOREPERSON AND DELIVERED TO THE COURT OFFICER OUTSIDE THE JURY ROOM DOOR.   THE SCHEDULE FOR YOUR DELIBERATIONS I WILL LEAVE LARGELY TO YOU.    NOW PROCEED TO YOUR DELIBERATION IN THE JURY

ROOM.  DETERMINE THE FACTS ON THE BASIS OF THE EVIDENCE, AS YOU

HAVE HEARD IT, AND APPLY THE LAW AS I HAVE OUTLINED IT TO YOU.

RENDER YOUR VERDICT FAIRLY, UPRIGHTLY, AND WITHOUT A SCINTILLA

OF PREJUDICE.  WHEN YOU HAVE REACHED YOUR VERDICTS, INFORM THE

CLERK THROUGH THE COURT OFFICER.  THEN YOU WILL RETURN TO THE

COURTROOM AND ANNOUNCE YOUR VERDICTS.